ROBINIUS v. THE STATE.

LIQUOR LAW —*Sale to Minor.*—*Prosecution instigated by Malice.*—*Reasonable Doubt.*—Where, in a prosecution for selling intoxicating liquor to a minor, the evidence shows that the prosecution was instigated maliciously by a third person, and there is a reasonable doubt as to whether or not the sale was made in the belief that the minor was of full age, a conviction can not be sustained.

From the Marion Criminal Circuit Court.

*D. V. Burns* and *C. S. Denny,* for appellant.

*T. W. Woollen,* Attorney General, and *J. B. Elam,* Prosecuting Attorney, for the State.

WORDEN, C. J.—The appellant was indicted for selling intoxicating liquor to a minor. Upon trial he was convicted, and the judgment was reversed in this court. See *Robinius* v. *The State,* 63 Ind. 235.

When the case went back, the appellant was again tried and convicted, and he again appeals.

The evidence is before us, from which we are not prepared to say that the case was made out beyond reasonable doubt. We think it was not. There is a bad odor attaching to the prosecution, or rather to the manner in which the supposed offence was brought about, which renders it peculiarly proper that the evidence should be

carefully scrutinized. Edward Geisendorff is the minor to whom the liquor is charged to have been sold. He bought two glasses of beer of the appellant's bar-tender, one for himself and one for William Dixon. It appears by the evidence, that a person, not necessary to be named in this opinion, who, in the language of the witness Geisendorff, " had a grudge against Robinius," procured the witness to go and purchase the beer, in order that the defendant might be prosecuted for selling the same. He also procured Dixon to go along, and furnished the money to Geisendorff with which to buy the beer. This is the snare which was maliciously set for the appellant, into which it seems to us he may have unwittingly fallen. The beer was purchased on the evening of the day on which the appellant opened his saloon, when there were a good many present, and when the appellant and his bar-tender were much hurried, and we think from the evidence, taking it altogether, that the appellant and his bar-tender may reasonably have supposed that Geisendorff was twenty-one years of age.

The judgment below is reversed, and the cause remanded for a new trial.