## BENSON *v.* McFADDEN.

50  431
141  554

PRACTICE.—*Motion for Continuance.*—An affidavit for a continuance, alleging that notice to take depositions in a distant city, giving the time and place, was given to the opposite party, and that the notice was sent to the officer before whom the depositions were to be taken, in ample time to arrive and give the officer time to serve the witnesses, and that, for some reason unknown to the affiant, the depositions have not arrived, is insufficient for not showing that the names of the witnesses or the facts to be elicited were given to the officer, or that he had any means to obtain their deposi-tions, or that any depositions were in fact taken, or well grounded belief that they were taken.

EVIDENCE.—*Infancy.*—In a suit upon a promissory note given for the ser-vices of an attorney in defending the maker on a charge of homicide, where a plea of infancy is made by the maker, it is competent for the plaintiff to prove that on the trial of the defendant on the charge of hom-icide, no plea or defence was made by the defendant on the ground that he was a minor.

SAME.—*Opinion as to Age.*—A witness, who has testified to the personal appearance of a defendant who pleads infancy at the time of making the contract sued on, may be allowed to state his opinion as to the age of the defendant.

From the Marion Superior Court.

*D. V. Burns,* for appellant.

*J. B. McFadden,* for appellee.

BIDDLE, J.—The appellee sued the appellant, before a jus-tice of the peace, on a promissory note for fifty dollars, and recovered judgment. On appeal to the superior court, the appellee had judgment again.

A new trial was granted. At the third trial, the appellant moved the court for a continuance, founded on an affidavit. The continuance was denied him. This is the first error com-plained of.

The affidavit states that the appellant was a minor when he made the note; that he can prove this fact by his father and mother, who reside in the city of New York; that he gave notice to his opponent that he would take depositions in New York, naming the time and place; " that defendant's" (appel-lant's) "attorney immediately sent said notice to the officer before

whom the depositions were to be taken, in ample time for the same to arrive there in the city of New York and give said officer ample time to summon said witnesses to appear before him on said 19th day of September; that, for some reason wholly unknown to this affiant, said depositions have failed to arrive."

The affidavit is insufficient. It does not show that the names of the witnesses, or the facts to be elicited by their testimony, were ever given to the officer, or that he had any knowledge or means to obtain their depositions, or that any depositions were, in fact, taken, or any well grounded belief that they were taken. It simply shows a proper notice, sent to the proper officer, in proper time. This is not enough. There was no reasonable hope that any depositions ever would arrive without having used greater diligence and more efficient means to obtain them.

The court committed no error in overruling the motion for a continuance. *Hall* v. *The State*, 8 Ind. 439; *Pence* v. *Christman*, 15 Ind. 257; *Kirland* v. *Kline*, 16 Ind. 313; *Mugg* v. *Graves*, 22 Ind. 236; *Lane* v. *The State*, 27 Ind. 108.

After the motion was overruled, a trial by the court was had, and a finding and judgment against the appellant for the third time. Again a motion for a new trial was made; the court overruled it, and the appellant excepted and appealed.

The defence to the note in question was the minority of the maker. It appears that it had been given to the appellee for services rendered as an attorney in the defence of the appellant on a charge of felonious homicide. After the appellant had introduced his evidence tending to show that he was a minor at the time he made the note, the appellee asked Henry Doble, a competent witness, the following question, in reference to the appellant's trial for homicide: "Was there any plea or defence made for him on the ground that he was a minor?"

This question was objected to by the appellant as being incompetent, irrelevant, and not responsive to any evidence introduced by the appellant.

The court overruled the objection, and Doble answered, " There was no defence made or suggested that he was a minor; never heard anything about his age till recently."

We think this was a negative circumstance, competent to go to the jury for what it was worth. There was no error in the ruling.

Doble, after having stated that appellant, at the time of his trial for the homicide, " had heavy black whiskers all over his face, just as he has now," was asked the following question :

" From what you know of him, and from what you have stated, give your opinion as to his age at that time."

This question was also objected to as being irrelevant and incompetent, and having no proper ground laid.

The objection was overruled by the court, and the witness answered :

" I would say, from his appearance, he was twenty-three or twenty-four years old."

We think there was no error in this. After describing the appearance of the appellant, it was competent for the witness to express an opinion of his age at the time.

Similar questions were put to several other witnesses, and answered in the same way ; they need not, therefore, be more particularly noticed.

The appellant thinks the evidence does not sustain the findings. We are of a different opinion. We think that it fairly establishes the fact that he was of age when he made the note, and that he ratified it some twelve years afterwards.

The judgment is affirmed, with ten per cent. damages.