Ihinger *v.* The State.

---

## IHINGER *v.* THE STATE.

EVIDENCE.—*Age.*—*Personal Appearance Before Jury.*—The appearance of a person in respect to his age, as seen by the court or jury, cannot be considered as evidence.

SAME.—*Selling Liquor to Minor.*—*Instruction to Jury.*—On the trial of a prosecution for selling intoxicating liquor to a minor, it was not permissible for the jury to look at the personal appearance as to age of the alleged

minor, who had testified as a witness in their presence, and to regard such inspection, either with or without competent evidence of his age, in determining whether or not the defendant acted in good faith in selling him the liquor.

From the Delaware Circuit Court.

*J. N. Templer* and *R. S. Gregory*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

WORDEN, C. J.—Prosecution for selling intoxicating liquor to a minor; trial by jury; verdict and judgment for the State; motion for a new trial overruled, and exception.

On the trial, Ephraim Carmichael, the person to whom the liquor was alleged to have been sold, testified that he was eighteen years old, about six feet high, and weighed one hundred and seventy-five pounds; other than this there was no evidence given to the jury in respect to his personal appearance as to age or otherwise.

The court instructed the jury, amongst other things, as follows:

"The mere fact that a minor represents himself to be twenty-one years old, is not of itself sufficient to excuse the sale. A mere child might make such representation, yet any person of common sense would know the statement to be untrue. The real question is, whether the defendant in making the sale" [acted] "in good faith.

"1. Did the defendant use reasonable caution in making the sale?

"2. Was the witness's personal appearance such as would indicate that he was twenty-one years old?

"In determining this question, you should look at his entire personal appearance; first, his size; second, the appearance of his face. Did he have a beard or not, together with his whole general appearance, should be regarded by the jury in determining the question of good faith on the part of the defendant."

The phraseology of the charge carried the idea that the jury were to consider the appearance of Carmichael in

respect to his age, as they viewed him, and not from evidence given as to his appearance. This construction of the charge is strengthened by the fact that the court mentioned particulars in respect to the appearance of the witness, as the presence or absence of a beard, about which no evidence was given whatever.

Was it competent for the jury thus to look upon Carmichael, and from such inspection of him, either with or without other evidence of his age, determine whether or not the defendant acted in good faith in selling him the liquor? We think not. Whether or not the defendant acted in good faith depended upon whether he had reasonable ground to believe, and did believe, that Carmichael was twenty-one years of age. This might have depended, in part at least, upon the appearance of the latter as to age. And, doubtless, evidence would have been competent to show the appearance of the witness as to age. But we know of no principle of law that would permit the jury to pass upon the age of the witness by his appearance to them. There is no mode of putting such evidence upon the record in order that it may be passed upon by an appellate tribunal. On a motion for a new trial in the court below, the judge would have to substitute his impressions, as to the appearance of the witness as to age, for those of the jury.

The cause is identical, in principle, with that of *Stephenson* v. *The State*, 28 Ind. 272. There, it was charged, that Stephenson, being over fourteen years of age, broke the Sabbath by following his usual occupation on that day. The cause was tried by the court, and the defendant found guilty. There was no evidence given as to the age of the defendant, but the judge certified that the accused, who was present in the court at the trial, presented the appearance of a full grown man. The judgment was reversed for want of competent evidence of the defendant's age. The decision in that case is quite satisfactory, and is decisive of the present.

The charge having been duly excepted to, and assigned

as one of the causes for a new trial, the judgment below will have to be reversed.

The judgment below is reversed, and the cause remanded for a new trial.