## ROBINIUS v. THE STATE.

LIQUOR LAW.—*Sale to Minor.*—A sale of intoxicating liquor to a minor,. made by the seller in the reasonable and honest belief that such minor is of full age, is not a violation of the liquor law.

SAME.—*Personal Appearance of Minor.*—The court has no right to take into account, in determining the guilt or innocence of such seller, the personal appearance of such minor, as to age.

From the Marion Criminal Circuit Court.

*D. V. Burns* and *C. S. Denny,* for appellant.

*T. W. Woollen,* Attorney General, and *J. B. Elam,* Prosecuting Attorney, for the State.

HOWK, C. J.—In this case the indictment charged, in substance, that, on the 5th day of September, 1878, at Marion county, Indiana, the appellant unlawfully sold to Edward Geisendorff, who was then and there a person under the age of twenty-one years, one pint of intoxicating liquor,. at and for the price of ten cents, contrary to the form of the statute, etc.

On arraignment the appellant pleaded, that he was not guilty of the charge in the indictment.

The cause was tried by the court, without a jury, and a finding was made, that the appellant was guilty as charged,. and he was assessed with a fine and the costs of the prosecution.

The appellant's motion for a new trial was overruled, and he excepted to this decision, and judgment was rendered by the court on its finding.

In this court the appellant has assigned as error the decision of the court below, in overruling his motion for a new trial. In this motion the appellant assigned the following causes for such new trial:

1. The finding of the court was contrary to the evidence ; and,

2. The court erred in taking into consideration the

appearance of the witness, Edward Geisendorff, in determining the question of the guilt or innocence of the appellant.

The evidence is properly in the record. On the part of the State, Edward Geisendorff testified, that he was seventeen years of age, and that he only knew his age from what his mother told him; that he knew the appellant, and had been given the money, at the time named in the indictment, to go to the appellant's saloon and get a drink; that the person who gave him the money declined to go into the saloon with him, and he then got another man to go in with him; that he bought, from the appellant's barkeeper, two glasses of lager beer, which was intoxicating liquor, and which he paid for, and he and his companion drank the same, in the appellant's presence; and that the man who gave him the money said that he would like to get an indictment against the appellant.

The man who drank with Geisendorff, in the appellant's saloon, testified that Geisendorff bought and paid for two glasses of lager beer, which they drank in the appellant's saloon, and that the beer was bought from, and the money paid to, the appellant's bartender. The venue was proved, and the State rested.

The appellant and his bartender testified, that they remembered the transaction about which the State's witnesses had testified; that, when Geisendorff called for the glasses of beer, the bartender asked him if he was of age, and he answered that he was, and that his companion had said that he would swear that Geisendorff was of age. The appellant and his bartender further testified, that they believed Geisendorff was of age, and, if they had not believed so, they would not have sold to him.

In rebuttal, Geisendorff denied that he had said to the appellant, or his bartender, any thing about his age; and Geisendorff's companion denied that he had said any thing,

or that he had heard any thing said, about the age of Gei-sendorff.

This was the substance of the evidence introduced on the trial; and it will be seen that it left room for a reasonable doubt as to the appellant's guilt of the offence for which he was indicted; for, if Geisendorff represented himself to be of full age, and it appeared that the appellant had used reasonable caution in making the sale to him, and had honestly believed, and had reason to believe, that he was then of full age, it would hardly be claimed that the appellant, in making such sale, had committed an indictable offence, for which he ought to be punished, even if it were shown that Geisendorff was in fact under the age of twenty-one years.

It was further shown, however, by the bill of exceptions, that " The court, without being requested thereto by the counsel for the State, or by any one else, having personally inspected the appearance of the witness, Edward Geisendorff, who was present in court and testified as a witness, took his youthful appearance into consideration, in determining the question of the defendant's guilt or innocence, to which the said defendant at the time objected and excepted."

This action of the court was assigned by the appellant as a cause for a new trial, in his motion therefor, and we think it was well assigned. The question presented thereby is not a new question in this court. Substantially the same question was decided in the case of *Stephenson* v. *The State,* 28 Ind. 272, and again in the more recent case of *Ihinger* v. *The State*, 53 Ind. 251.

In these cases it was held, in substance, and we think correctly, that the personal appearance of a party or witness can not be considered by court or jury as evidence, in determining the question of the age of such party or witness. The cases cited are decisive of the case now before us.

The court erred, we think, in overruling the motion for a new trial.

The judgment is reversed, and the cause remanded for a new trial.