Filed Jan. 20, 1886.

---

No. 12,705.

BIRD v. THE STATE.

CRIMINAL LAW.—*Personal Appearance Not Evidence of Age.*—*Instruction to Jury.*—In a prosecution for allowing a minor to play the game of pool, an instruction to the jury that, " In determining whether or not the defendant believed this man was of the full age of twenty-one years, you will take into consideration all the evidence in the case, the opinions of the witnesses as to his age, and, in connection with that, you may take into consideration *his appearance, as developed whilst testifying* on the stand before you," is erroneous.

From the Hancock Circuit Court.

*C. G. Offutt, R. A. Black, I. P. Poulson* and *W. F. Mc-Bane,* for appellant.

*F. T. Hord,* Attorney General, *G. W. Duncan,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case, the indictment charged, in substance, that the appellant, James Bird, and one Albert J. Ross, at Hancock county, on the 19th day of March, 1885, being the owners and having the management and control of a certain pool-table, did then and there unlawfully allow, suffer and permit one Harlan Haskell, a minor, to play pool upon such table with Henry Bucy, Morton Davidson and James L. Vail, contrary to the form of the statute, etc.

Upon the arraignment of the defendants and their plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding the appellant Bird guilty as charged in the indictment, and assessing his punishment at a fine in the sum of ten dollars, and finding the defendant Ross not guilty. Over appellant's motions for a new trial and in arrest, the court rendered judgment on the verdict against the appellant Bird for the fine assessed and costs.

In this court errors are assigned by the appellant upon the overruling (1) of his motion to quash the indictment, (2) of his motion for a new trial, and (3) of his motion in arrest of judgment.

In their brief of this cause the appellant's counsel say: "The first and only question, to which we desire to call the attention of this court, arises under the second assignment of error, viz.: The court below erred in overruling appellant's motion for a new trial." By this statement of his counsel the appellant abandons the first and third errors assigned by him, and withdraws them from the consideration of this court.

In their brief appellant's counsel further say: "Among the causes assigned for a new trial, in the motion therefor, is the following, viz.: '3d. Because the court erred in giving

to the jury, of its own motion, instruction numbered six, to the giving of which the defendant objected and excepted at the time.' The sixth instruction, to which the appellant excepted, reads as follows, to wit: ' 6. In determining whether or not the defendants believed this·man was of the full age of twenty-one years, you will take into consideration all the evidence in the case, the opinions of the witnesses as to his age, and, in connection with that, you may take into consideration his appearance, as developed whilst testifying on the stand before you.' "

It is earnestly insisted on behalf of the appellant that this instruction, in so far as it authorized the jury in determining the question whether or not the defendants believed that Harlan Haskell was of the full age of twenty-one years, to " take into consideration his appearance, as developed whilst testifying on the stand," in the presence of the jury, in connection with " all the evidence in the case " as to his age, does not state the law correctly as applied to this case. This is the only question we are required to consider and decide in this cause. If the instruction quoted is erroneous, the judgment must be reversed; but if it states the law correctly, the judgment must be affirmed.

It is admitted by appellant's counsel, that " the evidence for the State proves that the prosecuting witness, Harlan Haskell, played pool at the appellant's saloon with the persons named in the indictment, and that Haskell at the time was under the age of twenty-one years." After making this admission, appellant's counsel say : " The defence was and is that the prosecuting witness, Harlan Haskell, at the time he played the game of pool as aforesaid, stated his age to be over twenty-one years; that he had the appearance of a man over the age of twenty-one years; that the appellant at the time believed he was over the age of twenty-one years, and so believing, in good faith, suffered and permitted him to play pool," etc.

It is claimed, on behalf of the appellant, that " the ap-

pearance of Harlan Haskell, as developed whilst testifying on the stand before the jury,"' was not such evidence as the jury had the right to take into consideration, in determining any question in this cause, because it was impossible to make such "appearance" a part of the record, by bill of exceptions or otherwise. In this view of the question under consideration, appellant's counsel seem to be sustained by a number of our own decisions. In *Stephenson* v. *State*, 28 Ind. 272, the defendant was prosecuted for a violation of the *Sunday* law. To sustain a conviction, it was necessary that the court, as the trier of the facts, should find that the defendant was over the age of fourteen years at the time of the commission of the offence. On appeal to this court, it appeared by the evidence in the record, that no proof whatever was offered as to the defendant's age, but the trial judge certified that he held that, as the defendant, who was before the court in person, presented to the court the appearance of a full grown man, such proof was not necessary. It was held by this court that the age of the accused, in such a case, must be proved by sworn testimony, and that the court or jury could not determine this fact for themselves from the personal appearance of the accused. The court there said: "Our statute gives the defendant in a criminal case, upon conviction, the right to present, by bill of exceptions, all the evidence given in the cause for review in this court. If the judge or jury trying a criminal cause may determine from the personal appearance of the defendant whether or not he be over (or under) a certain age, without hearing evidence, either as to the age or its indications, it will, so far as that issuable fact is involved, deprive the defendant of this right of review. It is true, that in this case, we have the statement of the judge to supply the want of evidence, but the judge was not a witness, and the State is not entitled to avail itself of his knowledge, except upon ·matters of which the court takes judicial notice. * * * It seems to us, that it is but reasonable, in a criminal proceeding, to require the State to re-

sort to the ordinary course of proof to establish every material fact charged in the indictment."

The case cited has been fully approved in the following more recent decisions of this court: *Ihinger* v. *State*, 53 Ind. 251; *Robinius* v. *State*, 63 Ind. 235; *Swigart* v. *State*, 64 Ind. 598. In these latter cases, instructions very similar to the instruction under consideration, in the case in hand, were disapproved by this court.

In *Ihinger* v. *State, supra,* the trial court had instructed the jury, as follows: "The mere fact that a minor represents himself to be twenty-one years old, *is not of itself* sufficient to excuse the sale. A mere child might make such representation, yet any person of common sense would know the statement to be untrue. The real question is, whether the defendant in making the sale acted in good faith.

"1. Did the defendant use reasonable caution in making the sale?

"2. Was the witness's personal appearance such as would indicate that he was twenty-one years old?

"In determining this question, you should look at his entire personal appearance; first, his size; second, the appearance of his face. Did he have a beard or not, together with his whole general appearance, should be regarded by the jury in determining the question of good faith on the part of the defendant."

The foregoing instruction was there held to be erroneous, and, in commenting thereon, the court said: "Was it competent for the jury thus to look upon Carmichael, and from such inspection of him, either with or without other evidence of his age, determine whether or not the defendant acted in good faith in selling him the liquor? We think not. Whether or not the defendant acted in good faith depended upon whether he had reasonable ground to believe, and did believe, that Carmichael was twenty-one years of age. This might have depended, in part at least, upon the appearance

of the latter as to age. And, doubtless, evidence would have been competent to show the appearance of the witness as to age. But we know of no principle of law that would permit the jury to pass upon the age of the witness by his appearance to them. There is no mode of putting such evidence upon the record in order that it may be passed upon by an appellate tribunal. On a motion for a new trial in the court below, the judge would have to substitute his impressions, as to the appearance of the witness as to age, for those of the jury."

In *Robinius* v. *State, supra,* the action of the trial court complained of was thus stated in the bill of exceptions: " The court, without being requested thereto by the counsel for the State, or by any one else, having personally inspected the appearance of the witness, Edward Geisendorff, who was present in court and testified as a witness, took his youthful appearance into consideration, in determining the question of the defendant's guilt or innocence, to which the defendant at the time objected and excepted."

After citing our previous decisions, hereinbefore cited, the court said: " In these cases it was held, in substance, and we think correctly, that the personal appearance of a party or witness can not be considered by court or jury as evidence, in determining the question of the age of such party or witness."

In view of our decisions in the cases cited, we feel constrained to hold in the case in hand, that the trial court erred in instructing the jury that in determining whether or not the defendants believed the prosecuting witness was of the full age of twenty-one years, " they might take into consideration his appearance, as developed whilst testifying on the stand before them." We may add, that if the question under consideration could be properly considered an open one, some of the members of this court, as at present constituted, would be inclined to take a different view of such question from that expressed in our previous decisions and here approved and followed. For the error of the court in the instruction

quoted, the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause remanded for a new trial.

Filed Dec. 10, 1885; petition for a rehearing overruled Feb. 20, 1886.