## BOONE v. THE STATE.

[No. 20,055.   Filed May 26, 1903.]

CRIMINAL LAW.—*Verdict.*—*Failure to Find Age of Defendant.*—*Indeterminate Sentence Law.*—The absence of a finding in a verdict of conviction of felony as to the age of the defendant as provided by §1906b Burns 1901, will not vitiate the verdict, and the court had the right to assume in assessing the punishment that the defendant was not of an age to entitle him to be confined in the reformatory instead of the state prison.

From Madison Circuit Court; *M. A. Chipman,* Special Judge.

Charles Boone was convicted of assault and battery with intent to rob, and he appeals. *Affirmed.*

*Austin Retherford, W. A. Kittinger* and *W. S. Diven,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for State.

HADLEY, J.—Appellant was charged in three counts— for assault and battery with intent to murder, with assault and battery with intent to commit robbery, and for robbery. Trial by jury, and the following verdict returned: "We, the jury, find the defendant guilty of assault and battery with intent to rob, as charged in the second count of the affidavit and information.   E. Steffy, foreman."

Appellant unsuccessfully moved for a *venire de novo* on the ground of uncertainty and insufficiency of the verdict, and for a new trial.   The judgment was that appellant be confined in the Indiana state prison not less than two nor more than fourteen years, and pay a fine of $1.

The only question presented is the sufficiency of the verdict to sustain the judgment for failure to find appellant's age. Appellant claims that because the verdict does not disclose his age, the court had no foundation upon which to assess his punishment, and that according to him the presumption of the lesser age, to which the law entitled him, and which carried with it a milder punishment in the reformatory, the judgment was erroneous, because it withheld from him the favorable presumption and indulged against him the most unfavorable by assessing against him the severest grade of punishment, namely, confinement in the state prison for the indeterminate period.

We can not accept appellant's construction of the statute as the true one. In cases of felony it is the duty of the court or jury trying the case to find whether the defendant is over sixteen or less than thirty years of age. §1906b Burns 1901. But the statute does not require the State to make the proof. It is proper for either side to make it, but not required of either side, or essential to the trial that it be made at all. The finding does not affect the guilt or innocence of the defendant, nor the extent of his punishment, nor is it responsive to any necessary averment of the indictment. The sole object is to inform the court whether the defendant is entitled to serve his punishment in the reformatory or state prison. In so far as the former of these prisons may be preferred to the latter, it is a benefit belonging to the defendant, easily available to him if he chooses to make it so. If he is indifferent, and permits the trial to close when the State has neglected or been unable to make the proof, without signifying his acceptance of the benefit by making the proof himself, he will not be heard to complain after judgment that the court has sentenced him to the wrong prison. *Colip* v. *State,* 153 Ind. 584, 74 Am. St. 322. We see no reason, however, why such proof may not be made even after verdict if the court, in its discretion, deems proper to allow it.

The absence of a finding in the verdict as to the age of appellant did not vitiate the verdict, and the court had the right to assume thereupon that the defendant was not of an age to entitle him to be confined in the reformatory, and properly rendered judgment of confinement in the State's prison.

We find no error.    Judgment affirmed.