## BRADBURN v. THE STATE.

[No. 20,271.    Filed May 24, 1904.]

RAPE.—*Evidence.*—*Criminal Law.*—Under §1875 Burns 1901, providing that proof of penetration shall be sufficient evidence of the commission of the offense of rape, a conviction will not be disturbed because of failure of proof of penetration in unambiguous terms, where the inference of penetration was the only one which would reasonably comport with the details of defendant's conduct toward the prosecuting witness.  *pp. 689, 690.*

CRIMINAL LAW.—*Failure of Proof of Age of Defendant.*—A conviction for felony will not be reversed because no testimony was introduced to prove that defendant was over thirty years of age.  *p. 690.*

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Perry Bradburn was convicted of rape, and appeals. *Affirmed.*

*J. M. Fippen* and *F. B. Fippen,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild,* for State.

GILLETT, J.—Appellant was charged with the commission of the crime of rape upon the person of a female child under the age of fourteen years.

The first question presented is whether there was sufficient proof of penetration. Section 1875 Burns 1901 provides: "In prosecutions for the offense of rape, proof of penetration shall be sufficient evidence of the commission of the offense.". We do not deem it necessary to exhibit the evidence in detail. There was an indefinite question asked the prosecuting witness as to the act of appellant with reference to the matter of penetration. From her answer to such question, coupled with her testimony as to the other acts of appellant, and as to his declaration as to his purpose, we think that it was competent for the court, to whom the cause was submitted, to find that there was penetration. In fact, such inference, in view of the an-

L. 162—44

swer referred to, was the only one which would reasonably comport with the details of appellant's conduct toward her as testified to by said witness. There is a natural tendency upon the part of both counsel and witness, prompted by a sense of the fundamental proprieties of the occasion, to deal with a matter of this kind in other than unambiguous terms. Sitting here, one remove from the trial, we cannot say that the judge who tried the cause was not at liberty to draw an inference which as a man he could hardly fail to adopt as to the meaning which the witness' words were intended to convey.

Finally, it is objected that no testimony was introduced upon the trial tending to prove that appellant was over thirty years of age. There is no merit in this objection. *Boone* v. *State,* 160 Ind. 678; *Colip* v. *State,* 153 Ind. 584, 74 Am. St. 322.

Judgment affirmed.