EGBERT *v.* STATE.

[No. 27,189. Filed June 12, 1939.]

*Dennis Egbert,* for appellant.

*Omer S. Jackson,* Attorney General, and *Rexall A. Boyd,* Deputy Attorney General, for the State.

ROLL, J.—On October 19, 1938, appellant entered a plea of guilty to the charge of second degree burglary, and the judgment of the court was, that the defendant be and is hereby committed to the Indiana State Prison and the Board of Trustees thereof for a period of not less than two years and not more than five years, etc.

Appellant was 36 years old at the time judgment was entered. He contends by this appeal that the judgment should have been for a determinate period of not less than two years and not more than five instead of an indeterminate period. This is the only question presented by the record.

Appellant was tried and convicted under §10-701 Burns 1933, Pocket Supp., Acts 1929, ch. 54, §2, p. 136, as amended Acts 1935, ch. 212, §1 (b), p. 1017, which defines the crime of second degree burglarly and prescribes the punishment. It is therein provided that,

"..., upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than two [2] years and not more than five [5] years, ..."

By ch. 143, Acts 1897, p. 219, §1, the General Assembly passed an act, commonly called the indeterminate sentence law which provided:

"That whenever any male person thirty years of age or over, shall be on trial for any felony, which is punishable by imprisonment in the State's prison, except treason, and murder in the first or second degrees, the court or jury trying said cause shall ascertain only whether or not the person is guilty of the offense charged; if more than one offense is

charged, then it shall be found by such court or jury trying such person as to which of such offenses such person is guilty, if of either, and of which such person is not guilty, if of either. Instead of pronouncing upon such person a definite time of imprisonment in the State prison for a fixed term, after such finding or verdict, the court trying said cause shall pronounce upon such person an indeterminate sentence of imprisonment in a State's prison for a term, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum time of such imprisonment the term now or hereafter prescribed as the minimum imprisonment for the punishment of such offense, and as the maximum time, the maximum time now or hereafter prescribed as a penalty for the commission of such offense."

This act was in substance re-enacted in the re-codification act of 1905. Acts 1905, ch. 169, secs. 275-276, p. 584.

By §275 of the 1905 act, *supra,* it is there provided that if the defendant be a male person over sixteen and under thirty years of age he should be sentenced to the custody of the Board of Managers of the Indiana Reformatory to be confined in said reformatory, or at such other place as may be designated by such Board where he can be safely and properly cared for, and confined for a term not less than the minimum nor more than the maximum time prescribed by the statute of this state as the punishment for such offense. Section 276 of said act applies to male persons over thirty years of age and provides that such person be sentenced to an indeterminate period to the State prison, as specified by the statute as the punishment for such offense.

These two sections were again enacted in 1927, Acts 1927, ch. 200, p. 574. In 1927, Acts 1927, ch. 201, §3, p. 576, the legislature defined the crime of second degree burglary and provided for confinement in the State prison for an indeterminate sentence of not less than

one and not more than ten years. By the provision of ch. 54, Acts 1929, §2, p. 136, the legislature again defined the crime of second degree burglary and provided the punishment for such an offense to be imprisonment in the State prison for not less than three nor more than ten years.

In 1935 the 1929 Act, *supra,* was amended, Acts 1935, ch. 212, p. 1017, sub-section (b) and again the legislature defined the crime of second degree burglary and provides that any person convicted of that offense, ". . ., shall be imprisoned ih the state prison for any determinate* period not less than two years and not more than five years, . . ."

It is appellant's contention that he should have been sentenced for a determinate period as prescribed by the last above act.

The State in its brief cites the case of *Daly* v. *Carr* (1934), 206 Ind. 554, 190 N. E. 612, and contends that the decision of that case is controlling here.

If the court was correct in its reasoning in that case, it would control the decision in this case. In considering the *Daly* v. *Carr* case the court was impressed by the public policy as set forth in the Acts of 1897, 1905, and 1927, to the effect that the younger offenders should be segregated from the older ones. That those under thirty years of age should be sent to the reformatory, while the older should be confined in thè State prison, and that these acts were special acts as to such classification which would take preference over the general act there under consideration. However there was some difference of opinion among the members of the court as will be observed by the record in that case.

The court in the Daly case was also much concerned about the effect of a contrary decision upon the provisions of sec. 9-2814 et seq. Burns' St. 1933, commonly known as the juvenile act, which provides that

whenever a complaint is made or pending against a boy under the full age of sixteen years or a girl under the full age of eighteen years for the commission of any offense not punishable by law with imprisonment for life or for which the penalty is death, before any court or magistrate, at once and before any other proceedings are had in the cause, to give notice in writing of the pendency of said cause to the probation officer of his county, and forthwith, to transmit all papers in said cause to the juvenile court with his certificate that jurisdiction in said cause is in the juvenile court.

If the act of 1935, *supra,* is held to be in conflict with the act of 1927, *supra,* then the circuit and criminal courts and all other courts that are given jurisdiction over criminal cases where the defendant was charged with the crime of burglary, automobile banditry, assault and battery with intent to commit robbery, have jurisdiction thereof, notwithstanding the provisions of the juvenile acts above mentioned.

The court at that time was unable to agree that such result was intended by the legislature in the enactment of the 1929 act, and the court was divided on the question as the record discloses. The question, however, has been reconsidered with no little care, and we have now reached the conclusion that the act of 1929 is a special act defining specific crimes and prescribing specific punishment, therefor, and that it contains the last expression of the legislature upon that subject. The public policy of the state in the method of trial, the place of confinement, and the length of such confinement, of its young offenders, as expressed in the various statutes upon the subject, enacted by the legislature, may be changed or modified by a subsequent general assembly. It must be assumed that experience, changed conditions, or other justifiable reasons, prompted the legislature in the enactment of

such statutes to modify and change the public policy of the state with reference to certain crimes. We all know, as a matter of common knowledge, that during the last score of years, since the advent of the automobile, that the crimes above mentioned have increased at an alarming rate; and that the average age of such offenders has steadily declined. So, in view of the above facts and in consideration of the powers vested in the general assembly to change or modify the public policy, as previously expressed in enacted statutes and in view of the obvious facts, that the acts of 1929 and the amended acts of 1935 are couched in plain and unambiguous language, that is in irreconcilable conflict with the acts of 1905, and 1927, we are forced to the conclusion that the last expression of the legislature, as appears in the 1929 act, and as amended in 1935, is the statute that controls and that any persons charged with and convicted of the crime of second degree burglary, regardless of age or sex, should be sentenced to the state prison for a determinate sentence for not less than two years and not more than five years in accordance with the provisions of the above acts. We also conclude that the court was in error in the case of *Daly* v. *Carr, supra,* and the same is hereby overruled. Also the case of *Lee* v. *State* (1937), 213 Ind. 352, 12 N. E. (2d) 949, insofar as it is in conflict with this opinion is hereby modified to conform herewith.

Judgment reversed with instructions to the lower court to pronounce judgment for a determinate period in accordance with this opinion nunc pro tunc as of the date of the judgment appealed from.

The clerk of this court is directed to issue the proper order for the return of the appellant to the custody of the sheriff of Madison County for sentence.