SWEENEY ET AL. *v.* VIERBUCHEN ET AL.

[No. 28,192. Filed May 29, 1946. Rehearing denied June 17, 1946.]

*Arnold, Degnan, Goheen & Zimmerman,* of South Bend, and *Warren J. Rommes,* of Michigan City, for appellants.

*T. C. Mullen,* of Michigan City, and *McInerny & Huguenard,* of South Bend, for appellees.

STARR, C. J.—Appellees brought this action to contest the will of Anita Krueger, deceased, and to set aside the probate thereof making defendants the appellants herein. From a verdict and judgment in favor of appellees this appeal is prosecuted.

The complaint was in one paragraph and among other things alleged that appellees were the sole heirs of decedent; that the appellant executor was an attorney at law; that he drafted the will of the deceased and at that time was her attorney and confidential advisor and had been for several months prior thereto, and continued to occupy that relation until the time of her death; that one of the two witnesses to the will was the wife of said executor; that the residuary legatees named in the will

were the sons of said executor and said witness to the will; that at the time of the execution of the will testatrix was a confirmed and chronic alcoholic which condition continued until the time of her death; and finally, that said pretended will was unduly executed and was procured by undue influence. Appellants, by their answer to this complaint, admitted said executor had on occasions acted as counsel for testatrix but was without knowledge as to whether he had been her sole attorney. The answer also admitted that said executor drafted the will as attorney for and advisor to said deceased, and that one of the witnesses to the will was the wife of said executor, and the residuary legatees were the sons of said witness to the will and appellant executor. All other allegations in the complaint were denied. Later pleadings were filed which need not be set out for the purpose of this opinion.

Appellants have assigned as error the overruling of their motion for a new trial which challenges the giving and refusal of certain instructions.

The undisputed evidence in this case discloses that the appellant executor was an attorney at law; that he had been deceased's attorney and confidential advisor for several months prior to the execution of the will in question; that he prepared the will and it was executed in his home and in his presence and under his direction; that he took possession of it immediately and kept it until the death of deceased; that his wife was one of the witnesses to the same; that his two sons were the residuary legatees thereunder; that at the time of the execution of the will one of said residuary legatees was three years of age and the other six years of age. Appellees' evidence was to the effect that the deceased was a chronic alcoholic and had been during all the time that

such appellant executor was her lawyer and advisor, and that she was in the habit of becoming intoxicated daily; that the total net estate was approximately $58,-714.64 of which the residuary estate amounted to approximately $11,796.00. It also appears from appellants' evidence that the appellant executor and family, at all times herein mentioned, resided only a short distance from the home of testatrix; that they visited back and forth and occupied a very friendly social relationship; that appellant executor did not request nor did he hear anybody else request or suggest to the testatrix that she make a devise or bequest to his children; that testatrix had given him directions as to what should be put in the will and that he carried out precisely her instructions; and that deceased had possession of the instrument several days before she executed the same and lived several years after its execution. This was all the evidence upon which the issue of fraud or undue influence could have been based. There was no evidence offered or given in this case by either side, either directly or indirectly, aside from that we have herein set out bearing upon the professional conduct of the appellant executor in the preparation and execution of the will in question.

Appellants, by their motion for a new trial, insist that it was error for the court to give the plaintiffs' tendered Instruction No. 8. This instruction reads as follows:

"It was the duty of the Attorney Clarence T. Sweeney to serve his client Anita V. Krueger with undivided zeal and interest. The law means to keep attorneys from assuming positions where they may be tempted to prefer their own interests to those of their clients. The policy of the law is to prevent an attorney from sacrificing the interests of his client for his own gain or the gain of his family.

"Therefore, if you find from the evidence in this case that Anita V. Krueger was permitted by her attorney, Clarence T. Sweeney, to execute the instrument in question, and if you further find that at the time of its execution she was ignorant of its nature or contents, or that she did not understand its nature or contents, or that she misapprehended its nature or contents, or was deceived or misinformed as to its contents, or if its nature or contents were not fully, correctly, and adequately explained to her by her said attorney, Clarence T. Sweeney, then and under such facts, if you find them, the court instructs you that fraud existed in the execution of said pretended will and your verdict under such facts, if you find them, must be for the Plaintiffs."

In our opinion this instruction was erroneous. Insofar as ignorance, lack of understanding or misapprehension are concerned this instruction wholly fails to include any element of fault on the part of the appellant executor, but tells the jury that if the deceased remained ignorant and without understanding of the terms of the will, with or without delinquency or lack of professional duty on his part, fraud existed in the execution of said instrument, thus making the appellant executor in effect an insurer rather than liable for his professional action or failure to act when legally and justly called upon so to do. Furthermore, there is no evidence in this case which tends to prove that the testatrix was in any manner ignorant of the nature and contents of the will herein questioned. The undisputed evidence is that she was in possession of this instrument several days prior to its execution. The evidence also shows that the appellant executor carried out the instructions precisely that were given by the deceased as to the terms of the will.

Appellees argue that the giving of this instruction, even though it was erroneous, did not constitute reversi-

ble error. It is true that § 2-1071, Burns' 1933, provides that a cause shall not be reversed for errors in the proceedings that do not affect the substantial rights of the adverse parties; and § 2-3231, Burns' 1933, provides that a judgment shall not be reversed where it appears to the court that the merits of the cause have been fairly tried in the court below. Neither of these sections is applicable, however, unless it appears from the record that the verdict could not have been different. As to the giving of an erroneous instruction, this court has said, "In considering the effect of an erroneous instruction this court assumes that the error influenced the result, unless it appears from the interrogatories, the evidence, or some other part of the record that the verdict under proper instructions could not have been different." *Probst, Receiver* v. *Spitznagle* (1939), 215 Ind. 402, 408, 19 N. E. (2d) 263; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577. In the present case the evidence was not all one way on the issues of fraud and undue influence. For the court to determine that the giving of this erroneous instruction did not constitute reversible error it would be necessary to weigh the evidence which we cannot do.

Appellees' tendered Instruction No. 5 which was given, was substantially the same as appellees' tendered Instruction No. 8, but appellants failed in their objection thereto to specifically point out any defect therein.

Other questions have been raised by the appellants and since the same questions are liable to recur on another trial of this cause we deem it advisable to say that a transaction such as we are dealing with, had it involved a gift *inter vivos*, would have cast upon the donee the burden of showing that

he acted in good faith and took no advantage of his client. *Olds* v. *Hitzemann* (1942), 220 Ind. 300, 42 N. E. (2d) 35; *Castle* v. *Kroeger* (1942), 111 Ind. App. 43, 39 N. E. (2d) 459. We see no reason why the same rule should not be applied to wills as to gifts *inter vivos*. We therefore, approve of the generally accepted view that where a confidential relationship exists between a testator and a beneficiary under his will and such beneficiary has been actively concerned in some way with the preparation and execution of such will, such facts cast upon the beneficiary the burden of disproving undue influence. See 66 A. L. R. 228 Note. This rule of law was mentioned by our court in the case of *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5, 110 N. E. 662, but it was not necessary in that case to reject or adopt the same. It is our opinion that this rule should not only include the situation where the one actively concerned in the preparation and execution of a will is a beneficiary, but also where a member of such person's immediate family is named as a beneficiary. "Attorneys for clients who intend to leave them or their families a bequest would do well to have the will drawn by some other lawyer. Any suspicion which may arise of improper influence used under the cover of the confidential relationship may be thus avoided." *Matter of Putnam* (1931), 257 N. Y. 140, 143, 177 N. E. 399. Courts have often applied this rule where members of the family of the one actively concerned in a confidential way in the execution of such will have been named as beneficiaries therein. *Henry* v. *Hall* (1894), 106 Ala. 84, 17 So. 187; *Dudley* v. *Gates* (1901), 124 Mich. 440, 83 N. W. 97, 86 N. W. 959; *Montague* v. *Allan* (1884), 78 Va. 592; *McMechen* v. *McMechen* (1881), 17 W. Va. 683.

The judgment is reversed with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 66 N. E. (2d) 764.