WATSON v. STATE OF INDIANA.

[No. 29,256. Filed February 6, 1957.]

*Wilbur F. Dassel,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal by the appellant, Cecil Moss Watson, from a judgment convicting him of Armed Robbery under Acts 1929, ch. 55, §1, p. 139, being §10-4709 Burns' 1956 Replacement. Appellant claims errors which have been properly presented, (1) that the verdict is not sustained by sufficient evidence, and (2) the giving of the following instruction to the jury.

"One of the essential elements of the offense of armed robbery is that the person charged is over the age of sixteen years and this fact, if it be a fact, must be proven beyond a reasonable doubt by the State of Indiana the same as any other fact, and in the event you find this was not proven then you should find the defendant not guilty of armed robbery, *but you are further instructed that you may observe the defendant and draw upon your observation of him in determining whether or not the defendant was a person over sixteen years of age at the time of the commission of the alleged offense."* (Our italics).

Since they involve substantially the same questions we shall consider them together.

There was no direct testimony given at the trial concerning appellant's age. He did not take the witness stand. The statute under which appellant was convicted, it will be observed, unlike most definitions of a crime, sets out the age of the offender as an element therein.

Acts 1929, ch. 55, §1, p. 139, being §10-4709 Burns' 1956 Replacement reads as follows:

"Any person who being over sixteen [16] years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assist-

ing in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten [10] years nor more than twenty [20] years, to be fixed by the court: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes."

The verdict of the jury, and the judgment of the court is as follows:

"We, the Jury, find the defendant guilty of Robbery while armed with a dangerous or deadly weapon, as charged in the affidavit herein, and that he is 38 years of age."

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the defendant is guilty of Armed Robbery as charged herein and as found by the verdict of the jury herein.

"It is by the court therefore ordered that the defendant for the offense by him so committed that he be imprisoned at the Indiana State Prison for a period of not less than ten (10) years and that he pay and satisfy the costs herein taxed at $......."

The statutes concerning indeterminate sentences are not applicable in this case since the act defining the crime of Armed Robbery requires the court to pronounce a *definite term* to be served under its penalty provision. The statute on Armed Robbery is similar to that of Automobile Banditry in that respect. *Egbert* v. *State* (1939), 215 Ind. 575, 21 N. E. 2d 418; *Palmer* v. *State* (1926), 198 Ind. 73, 152 N. E. 607; *Saraceno* v. *State* (1931), 202 Ind. 663, 177 N. E. 436.

We have held in connection with the application of

the indeterminate sentence statute, that failure to prove the age of the defendant found guilty was not grounds for reversal since the age was not an essential element of the crime charged. The age was important only for the purpose of determining at what place the sentence should be served, and the court may advise itself as to such facts, if necessary, from outside sources. The defendant in such a case may not object to a place of confinement unless he offered to prove his age. *Boone* v. *State* (1903), 160 Ind. 678, 67 N. E. 518; *Bradburn* v. *State* (1904), 162 Ind. 689, 71 N. E. 133; *Beuchert* v. *State* (1905), 165 Ind. 523, 76 N. E. 111; *Dennison* v. *State* (1926), 197 Ind. 663, 151 N. E. 722; Ewbank's Indiana Criminal Law (Symmes Edition), §452, p. 290.

The cases growing out of the indeterminate sentence law therefore cannot be relied upon for any guidance in the solution of the problem here presented.

The state urges upon us the case of *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21 as authority that the age of the defendant need not be proved under the statute charging the criminal offense in this case. That case does not reveal whether or not evidence was presented at the trial from which the jury could have passed judgment on defendant's age. The question there was, whether or not the affidavit charging Armed Robbery was so defective by reason of the omission of the allegation as to age that it would not support a verdict of guilty when there was no motion filed to quash because of such defect. We do not feel that the case is applicable here. This decision is distinguished in a later case of *Goldstine* v. *State* (1952), 230 Ind. 343, 103 N. E. 2d 438, and this court held that the age of the defendant under the statute defining the crime of Armed Robbery, and fixing the age limit is an essential

element of the criminal offense to be charged and proved.

The essence of the question before us then is, whether or not the jury had any evidence before it from which any inferences could be drawn as a basis for its finding and verdict that the defendant was "38 years of age." It is conceded that the state introduced no evidence formally and directly as to the age of the appellant. This could have been done by a witness giving his opinion from observation of the appellant as to his age. *Benson* v. *McFadden* (1875), 50 Ind. 431; 20 Am. Jur., Evidence, §826, p. 695; 32 C. J. S., Evidence, §493, p. 150.

The most that can be said for the state's evidence on this point is that one witness pointed out the appellant for identification, saying: "The man sitting right there is the man that held me up." A witness also referred to appellant as a "man" he had seen in a tavern. The defendant did not testify or take the witness stand. May the jury observe the defendant as he sat in the court room and therefrom determine his age or conclude from the use of the term "man" that he was more than sixteen years of age? If the defendant had taken the witness stand the jury would have been entitled to observe his demeanor and other characteristics while testifying. In observing the witness the jury undoubtedly could have arrived at some conclusion as to his age. It could have considered his proper age in weighing his testimony as to creditability. 88 C. J. S., Trial, §315, p. 833.

"The examination and cross-examination of a party before the jury are equivalent to exhibiting him before the jury and an offer of such person as an exhibit is properly refused." 32 C. J. S., Evidence, §609, p. 459.

"Experience teaches us that corporal appearances are approximately an index of the *age* of

their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. In particular, the *outward physical* appearance of an alleged minor may be considered in judging his *age;* a contrary rule would for such an inference be pedantically over-cautious." 2 Wigmore on Evidence (3rd Ed.), §222, p. 5.

It is a general rule that when the age of a person is material to a case the person may be described and exhibited to a jury to aid them in making their determination on such question. Wharton's Criminal Evidence (12th Ed.), §662, p. 575; 20 Am. Jur., Evidence, §720, p. 603.

However, some early cases in this state take a contrary view, and are criticized by Wigmore. 2 Wigmore on Evidence (3rd Ed.), §222, note 2, p. 6.

They hold that the appearance of a witness cannot be considered by a court or jury in determining the age of the party. In these cases the defendants were charged with minor offenses, such as being over the age of 14, and violating the Sabbath, selling intoxicating liquor to a minor, and permitting a minor to play pool. *Stephenson* v. *State* (1867), 28 Ind. 272; *Ihinger* v. *State* (1876), 53 Ind. 251; *Robinius* v. *State* (1878), 63 Ind. 235; *Bird* v. *State* (1885), 104 Ind. 384, 3 N. E. 827.

We are not persuaded or convinced at all by the reasoning in these cases. Indiana is clearly out of line in this respect with both the weight and overwhelming numerical authority. A defendant sitting in the court room may be pointed out and identified by various witnesses while testifying, and may be asked to stand for that purpose, if a description has been given for the jury's consideration. That is proper testimony coming from the witness stand from persons other than the defendant, and is evidence which

the court and jury may properly consider. If such observation and identification may be made before trial, then there is no reason why it may not be done during the trial in the court room by a witness. *Appelby* v. *State* (1943), 221 Ind. 544, 48 N. E. 2d 646, 49 N. E. 2d 533; *Ross* v. *State* (1933), 204 Ind. 281, 182 N. E. 865; *O'Brien* v. *State* (1890), 125 Ind. 38, 25 N. E. 137, 9 L. R. A. 323.

However, we find no such testimony presented to the jury of this character in this case. He was merely pointed out, and nothing more, for the purpose of identification. No physical characteristics from which a jury can draw any inferences of age were presented. The mere pointing out by the defendant for identification is no proof of his age in itself. As a part of the identification the witness might have given his judgment as to age of the defendant, but that was not done in this case.

When appellant was referred to as "the man sitting right there," "man" was used in the sense of "a person." It had no more characterization or descriptiveness as to age than a reference to a "man" on a playing field or a chessboard. It was used in a generic sense. Could it be said that the designation of an alleged victim as a "girl" in a statutory rape case would be evidence, without more, that she was under sixteen years of age? The element of age is made a part of the crime of Armed Robbery just as it is in statutory rape. It must be proved. Are we to say that when a person is designated as a "man" or "woman" that is evidence they are over sixteen years of age and when designated by a witness as a "boy" or "girl" it is presumed they are under sixteen years of age? There is no authority for such a dividing line. Age can be proved without difficulty. The proof of a crime should not be left to a game of guessing.

One of the purposes of the trial is to confine the evidence which a jury or court may consider to that which meets the legal test of being material, relevant, and otherwise competent. These rules have been developed through centuries of experience as the best method of excluding in so far as possible hearsay and other unreliable sources of information in an endeavor to seek the truth. To let the bars down and turn the jury loose to seek its own information where it cares to find it, would open a Pandora's box of innumerable injustices in verdicts rendered.

A jury looking about the court room, seeing objects brought into the court room, has no right to consider such extrinsic material, and base their verdict thereon, or draw inferences therefrom, without such exhibits being properly referred to for their observation as evidence in the trial. The same rule holds true as to persons within the view of the jury during the trial. The doctrine of judicial notice as to scientific, historical, or other facts of general common knowledge, may not be invoked here. From what has been said we need not consider whether or not the Indiana constitutional provision, Art. 1, §14, that, "No person, in any criminal prosecution, shall be compelled to testify against himself" has any application here. *Ross* v. *State, supra,* (1932), 204 Ind. 281, 182 N. E. 865; *Biggs* v. *State* (1929), 201 Ind. 200, 167 N. E. 129, 64 A. L. R. 1085; *Holt* v. *United States* (1910), 218 U. S. 245, 54 L. Ed. 1026, 31 S. Ct. 2.

Since there was no evidence presented to the jury from which it could draw any reasonable inference as to the age of the defendant, the evidence was not sufficient to sustain the verdict and likewise the giving of an instruction authorizing the jury to consider matters not presented in evidence, was improper.

Judgment is reversed with directions to grant the appellant a new trial.

Emmert and Landis, JJ., concur.

Achor, C. J. dissents with opinion in which Bobbitt, J., concurs.

## DISSENTING OPINION

ACHOR, C. J.—We do not concur in the majority opinion as written.

Appellant presents two questions by this appeal: (1) Is the evidence sufficient to support the verdict, and (2) did the court commit reversible error by reason of his having given instruction numbered 18 over the objection of the appellant?

Appellant correctly contends that the age requirement (over sixteen) fixed by statute (§10-4709, Burns' 1956 Repl.) is a necessary element of the criminal offense charged, which must be established for the purpose of determining whether the offense was an act of juvenile delinquency or a crime under the statute. Therefore, the first question with which the court is concerned is, was the evidence sufficient to support the fact that appellant was "over sixteen (16) years of age," as prescribed by statute?

The law is well settled that, when this court is asked to determine the sufficiency of the evidence, it will not weigh evidence and determine whether each element of the crime is proved beyond a reasonable doubt. Rather, it will consider only whether there is substantial evidence of probative value from which a reasonable inference as to each essential element of the offense may be drawn. *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922; *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

We submit that the evidence, independent of any observation of the appellant, was ample to sustain an

inference that the appellant was "over sixteen (16) years of age" and that the inference stands uncontradicted. We believe that error of the majority opinion springs primarily from an erroneous application of the above rule.

The evidence on the issue of appellant's age is as follows: One witness pointed out appellant in the court room, saying: "The *man* sitting right there is the *man* that held me up." Other witnesses referred to appellant as a "man" they had seen in a tavern, buying and drinking beer, displaying a gun and discussing the fact of his unemployment. The word "man," used to identify and describe the appellant generally, as emphasized by repetition in the above statement, has a universally accepted meaning. A "man" is defined in Webster's New International Dictionary as "an adult male person." We submit that, by every reasonable inference, an *adult* male is "over sixteen (16) years of age."

Also, we are confronted by the fact that the jury was entitled to consider the conduct of appellant in determining his age. The inference discussed above is made stronger by the fact that appellant, a "man," was seen in a tavern (not in the presence of his parents), where he bought several bottles of beer which he and other persons drank in the tavern. We take judicial knowledge of the fact that it is unlawful for a person under the age of 18 years to visit a tavern not accompanied by a parent (§12-613, Burns' 1956 Repl.), and it is unlawful to sell intoxicating beverages to a person under the age of 21 years (§12-610).

Here we have a *man,* defined by Webster as "an adult male person," at a place and under such circumstances where, by law, only persons over 18 years are permitted. How can it be said that there is no reasonable inference that such a person was not over sixteen years of age?

We submit that the above evidence supports a reasonable inference that appellant was an adult, over sixteen, which evidence was sufficient to sustain the verdict and judgment. We further submit that, there being no evidence to the contrary, the evidence leads solely to such conclusion.

For the reason above stated, we believe there could have been no reversible error in the giving of the court's instruction numbered 18 which appellant has also assigned as cause for reversal. The instruction is as follows:

"One of the essential elements of the offense of armed robbery is that the person charged is over the age of sixteen years and this fact, if it be a fact, must be proven beyond a reasonable doubt by the State of Indiana the same as any other fact, and in the event you find this was not proven then you should find the defendant not guilty of armed robbery, but you are further instructed that you may observe the defendant and draw upon your observation of him in determining whether or not the defendant was a person over sixteen years of age at the time of the commission of the alleged offense."

We express no opinion as to the merits of the above instruction. However, under the facts before us, appellant could not have been prejudiced by the above instruction. As above stated, the evidence, apart from that authorized by the instruction, supported the fact that appellant was over sixteen years of age. This fact itself is not disputed. Therefore, any observation of the defendant for the purpose of determining his age could not have operated to his prejudice. The rule upon this issue has been stated many times by this court as follows:

"... A material erroneous instruction is presumed to have influenced the result of the trial, unless it appears otherwise from the interroga-

tories, the evidence, or other parts of the record that the error was harmless and that under proper instructions the verdict could not have been different. *Probst* v. *Spitznagle* (1939) 215 Ind. 402, 19 N. E. 2d 263; *Sweeney* v. *Vierbuchen* (1946) 224 Ind. 341, 66 N. E. 2d 764; . . ." Flanagan, etc. Ind. Tr. & Appellate Practice, §2790, p. 374, *Comment 10.*

Bobbitt, J., concurs.

NOTE: Reported on 140 N. E. 2d 109.