DAVIS *v.* STATE OF INDIANA.

[No. 668S95. Filed September 24, 1968.]

*James R. White,* of New Castle, for appellant.

*John J. Dillon,* Attorney General, and *Richard V. Bennett,* Deputy Attorney General, for appellee.

PER CURIAM.—This is a prosecution by indictment brought by the State of Indiana against Richard Davis for failure to support his parent (mother). Trial was by jury and the defendant was convicted and ordered to pay $7.00 per week for the support of his mother. From this judgment the appellant appeals.

There is only one contention made on appeal and that is the evidence is insufficient. For this purpose we must give a brief review of the evidence most favorable to the state.

It appears that Edith I. Davis, mother of the appellant, was widowed in 1958. She lived alone in her home in Union City, Indiana, for a short time thereafter and in October of 1965 she was struck by an automobile and seriously injured and was in the hospital for a short period of time. After the accident it appears that she was disturbed and depressed mentally as well as being afflicted with serious injuries resulting from the accident, and she was placed in a nursing home. It further appears that her home and such property as she had were liquidated, and all the funds used in paying her medical, hospital and nursing expenses.

The evidence further shows that there were three sons and six daughters, all adults and married. Of this group it appears that Vera Eichorn, of Middletown, Indiana, a daughter, was the principal in looking after and caring for her mother. The evidence shows that there were five sisters, Agnes, Elsie, Esther, Shirma and Beverly, who contributed along with Vera to supply deficiencies in the financial support of their mother. They held a meeting with the two brothers, but apparently were unable to come to any arrangement for such financial support.

Thereafter, after consultation with the prosecuting attorney by the interested parties, an indictment was returned against the appellant, Richard Davis. Burns' Ind. Stat. Anno. § 10-1410 (1956 Repl.) upon which this prosecution is based, provides:

"Hereafter if any person being of full age and being financially able has neglected, or shall hereafter, without reasonable cause, neglect to maintain and support his or her parent, or parents, if such parent or parents be sick or not able to work and have not sufficient means or ability to maintain or support themselves, such person shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not exceeding five hundred dollars

[$500], to which may be added imprisonment in the county jail for a period not exceeding six [6] months. In the event that there are two [2] or more children, each such child shall contribute to the support of such dependent parent, or parents, in such proportion as the judge of the court in his discretion may determine and order, and for failure or refusal so to do, or for disobedience to the orders of the court, each such child shall be severally liable to the penalties prescribed by this act. The proper court of the county in which the dependant parent or parents reside shall have jurisdiction of all action prosecuted under the provisions of this act. If one [1] or more of the children who, by the provisions of this act, are liable for the support or partial support of any such parent or parents, are residents of a county other than the county in which such parent or parents reside, the judge of the court having jurisdiction of the case, shall apportion the amount to be contributed to the support of such parent or parents among the several children residing in the state, and shall certify his judgment to the proper court of each county in which any of such children reside, and the judge of the court to whom such judgment shall have been certified shall possess the same authority to enforce such judgment as he would have had if the action had accrued and if the judgment had been given in his own jurisdiction. The provisions of this act shall not apply to children who have not lived with or who have not been supported by their parents when such children were minors." Acts 1921, ch. 31, § 1, p. 90; 1923, ch. 15, § 1, p. 53.

We point out that this statute requires proof that the person be "financially able" to support his parents and that if there is more than one child, "each such child shall contribute . . . in such porportion as the judge of the court in his discretion may determine and order. . . ." It is the contention of the appellant here that there is no proof that he was financially able to support his parents. We look at the evidence in this respect and find that the only evidence relating to this issue is as follows:

"Q. Has Richard ever sent you anything since you have been depositing these contributions in the guardianship account?

"A. No sir.

"Q. Do you know where your brother Richard has worked during the last couple of years?

"A. Of my own knowledge, no. It is all hearsay. I have never seen him employed.

"Q. To your own knowledge, is he gainfully employed?

"A. Yes."

It is argued by the appellant that to be gainfully employed is no proof that a person is financially able, over and above the requirements for his own support and his family's support, to support his parents. It is pointed out that there is no evidence as to the amount of income of the appellant, what his living or other expenses may be, or what his obligations may be with reference to any children or any family. As sympathetic as we may be with the purposes of this law and the charitable and generous attitude of these daughters, we cannot disregard the general principles of criminal law, which places the burden on the state to prove beyond a reasonable doubt the essential facts constituting the crime charged. *Biggs* v. *State* (1929), 201 Ind. 200, 167 N. E. 129; *Fehlman* v. *State* (1928), 199 Ind. 746, 161 N. E. 8.

In our opinion, the State of Indiana has failed to show that the appellant, even though gainfully employed, was financially able, as the statute provides, to support his parents or any one. It scarcely needs stating that although one is gainfully employed, the income may not be sufficient for any surplus over and above that necessary for his own support and his family's support. The statutory requirement is that the defendant must be financially able to support his parents—not merely gainfully employed. There is no evidence here whatever with reference to the living expenses and obligations of the appellant, which come prior to any legal requirement that he support his parents.

The evidence presented by the state in this case is so meager, so lacking, that in our opinion the judgment must be reversed and a new trial granted.

NOTE.—Reported in 240 N. E. 2d 54.