LONNIE JOHNSON *v.* STATE OF INDIANA.

[No. 177S18. Filed December 21, 1977.]

*George T. Popcheff,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted of commission of a felony (robbery) while armed, and commission of a felony

(sodomy) while armed, Ind. Code § 35-12-1-1, repealed October 1, 1977. He received concurrent sentences of determinate terms of imprisonment of ten and twenty years, respectively.

The issues raised on appeal[1] are as follows:

(1) Whether the victim's testimony identifying appellant as her attacker should have been excluded as the product of an unnecessarily suggestive pre-trial confrontation at which appellant was denied the assistance of counsel;

(2) Whether a knife and several dollar bills should have been excluded due to the lack of a proper chain of custody; and

(3) Whether the evidence is sufficient to support each conviction.

The victim, an elementary school teacher, visited the Glendale Shopping Center in Indianapolis on the morning of July 21, 1975. As she was attempting to start her automobile, parked in the center's parking lot, to leave, appellant approached her car, reached through the open window and held a paring knife to her throat. Appellant climbed into the driver's seat and made the victim sit on the floor of the front seat. He asked her if she had any money, and she gave him the three one dollar bills she had. For some time appellant merely sat in the car, apparently because people were passing close by, but he constantly held the knife at her throat or face. During this time the victim examined appellant's features, noting that he had long fingernails and wore a gold class ring. Eventually appellant forced the victim, at knife-point, to fellate him. Then he tried to fasten the driver's seatbelt in order to start the car. While he was thus occupied the victim jumped out the passenger's door and called out for help.

Richard Augsburger, a passer-by, heard the victim's screams, and saw appellant rise from a crouching position, "fiddling with his pants." Appellant ran and Augsburger chased him through Glendale's parking lot and across several

---

1. We direct appellant to Ind. R. Ap. P. 8.3(A).

streets. Jack Henthorn, who was parking his car in the lot, also heard the victim and followed appellant in his car. Augsburger and Henthorn both lost sight of appellant when he climbed over a wall.

Officer McGary of the Indianapolis police had been called to the Glendale lot, where he obtained a description of appellant. With the assistance of the police helicopter he found appellant crossing a street near Glendale. Officer McGary arrested appellant and found three one dollar bills in his front pocket. McGary returned appellant to the Glendale lot and the victim identified him as her assailant. This confrontation took place no more than one-half hour after the robbery, and at its scene.

## I.

Appellant challenges the admissibility of the testimony of the victim identifying him as her assailant. He contends that this testimony was the tainted product of a pre-trial confrontation conducted by the police which was constitutionally defective in two regards.

Appellant first argues that he was entitled to the assistance of counsel at the confrontation occurring approximately one-half hour after the offense when he was immediately taken, after his apprehension, to the parking lot to be identified by the victim. Appellant cites *Stovall* v. *Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199, as authority for this contention. *Stovall* does contain the statement that a confrontation between suspect in custody and a witness is a critical stage and that counsel is required at all such confrontations, 388 U.S. at 298, 87 S.Ct. at 1970-71, however, the United States Supreme Court squarely held five years later in *Kirby* v. *Illinois*, (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, that a suspect is not entitled to counsel at a post-arrest, pre-indictment confrontation. That court held that the right to counsel attaches "only at or after the

time that adversary judicial proceedings have been initiated against him." 406 U.S. at 688, 92 S.Ct. at 1881. This Court adopted the same limitation upon the right to counsel in *Winston* v. *State,* (1975) 263 Ind. 8, 323 N.E.2d 228, (Prentice and DeBruler, JJ., concurring in result). Even before *Winston* the Court recognized that confrontation between suspect and witness on the scene of the crime occurring shortly after the offense did not require the presence of counsel. *Winston* v. *State, supra,* 263 Ind. at 16, 323 N.E.2d at 232 (opinion of Prentice, J., concurring in result), and cases cited therein. The testimony of the witness was not therefore the product of identification procedure rendered illegal because of the unavailability of counsel.

Appellant's second argument in support of this contention is that the confrontation was conducted in such a manner as to deny him due process of law under the Fourteenth Amendment. This issue is governed by the rule of *Stovall* v. *Denno, supra.* The test is whether the confrontation is so unnecessarily and impermissibly suggestive as to give rise to a substantial likelihood of irreparable mistaken identification. *Neil* v. *Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Sawyer* v. *State,* (1973) 260 Ind. 597, 298 N.E.2d 440; *Norris* v. *State,* (1976) 265 Ind. 508, 356 N.E.2d 204. The record before us is quite clear regarding the events in the parking lot immediately preceding and at the time of the confrontation. The offense occurred in an auto during daylight hours in a shopping center parking lot and immediately thereafter the victim exited the car screaming. She drew attention to her assailant who was fleeing on foot. Within minutes she gave a detailed description of the man which included his clothing, jewelry, hair, size and fingernail length, to a security guard and within half an hour a police car drove up. Appellant was in custody in the car. An officer asked the victim whether appellant was the man who had attacked her and she replied that he was the man. Appellant fit the description given by the victim. The procedures em-

ployed by the police here involved no more than the usual elements attendant to any police conducted on-the-scene confrontation and to the extent that it was suggestive, it was not unnecessarily so. Absent special circumstances indicating unfairness such confrontation does not involve due process violations. *Zion* v. *State,* (1977) 266 Ind. 563, 365 N.E.2d 766; *Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387; *McPhearson* v. *State,* (1970) 253 Ind. 254, 253 N.E.2d 226; *Lewis* v. *State,* (1969) 252 Ind. 454, 250 N.E.2d 358. There were no such special circumstances shown here, and therefore the testimony of the witness was not inadmissible on the basis claimed.

## II.

Appellant next urges that the knife used in the assault and the dollar bills taken from the victim should not have been admitted because no adequate chain of custody was established for them. The knife was taken from the victim's front seat by Officer McGary who marked it by scratching his initials and the date on its handle. The knife was photographed as found in the automobile and these photographs were admitted at trial. The three one dollar bills were removed from appellant's pocket by McGary and marked by a Sergeant Grizzell, who did not testify, with his name and the date; this marking occurred in McGary's presence. Officer McGary turned in all of these items to the Indianapolis Police Department property room. He received them back from the property room on the day of trial and brought them to court. The State offered no evidence to show that the evidence was continuously retained in the property room during the period before McGary removed it for trial.

We agree with appellant that no chain of custody of these items was proven. "Chain of custody" is an indirect method of proving the identity and integrity of evidence by showing its continuous whereabouts. Such a showing negates any substantial likelihood of substitution

or alteration of the evidence. The establishment of a chain of custody is necessary where the nature of the evidence is such that it lacks identifiable characteristics or where the evidentiary purpose to be served by the item requires assurance that the evidence has not been subjected to tampering which could not be detected by human perception. Where the evidence is such that it may be recognized and identified by witnesses, and where tampering or alteration relevant to the purpose to be served by the evidence is not a realistic threat, no chain of custody need be established. *Woodard* v. *State,* (1977) 267 Ind. 19, 366 N.E.2d 1160, quoting C. McCORMICK, EVIDENCE § 212 at 527 (2d ed. 1972).

A knife with initials and a date inscribed thereon, and dollar bills with a name marked on each, are readily identifiable by human perception alone and require no chain of custody to establish their identity as the evidence recovered from the victim's car and suspect's pocket. Officer McGary's testimony that he recognized the items provided such identification. There was no error in admitting the evidence.

### III.

Appellant finally urges that the evidence was insufficient to support his convictions. His argument presupposes that both the identification testimony and the physical evidence were improperly admitted. Since both of these issues have been resolved against appellant, his argument is without foundation and will not prevail. It should be noted additionally that it is not necessary to the sufficiency of the evidence that the weapon or the stolen property involved in a crime be introduced.

The conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 892.