AARON WAGNER, JR. *v.* STATE OF INDIANA

[No. 1077S744. Filed December 28, 1978.]

*Richard M. Salb,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

DEBRULER, J. — Appellant was convicted of commission of a felony (robbery) while armed, Ind. Code § 35-12-1-1 (Burns 1975) repealed October 1, 1977, and sentenced to a determinate term of fourteen years imprisonment. On appeal he raises two issues:

(1)   whether there was sufficient evidence of the age of appellant; and

(2)   whether a pistol was rendered inadmissible by reason of an inadequate chain of custody.

On February 15, 1977, two men entered an Indianapolis laundromat and held the owner, Erie Hardin, at gunpoint. They took one to two hundred dollars and a Smith & Wesson .38 caliber revolver belonging to Hardin. Later that morning the automobile in which appellant was a passenger was stopped by Indianapolis police officers for a traffic violation. Appellant was arrested for disorderly conduct after an altercation with the officers. At some time during these events appellant tried to discard a revolver, which the police recovered. The gun was Mr. Hardin's stolen Smith & Wesson; Hardin identified appellant as one of the robbers.

I.

Mr. Hardin testified that appellant was, in his opinion, twenty-five to twenty-eight years old. Appellant argues that such evidence was not sufficient to establish that he was over sixteen years old, an element of all offenses defined by section 35-12-1-1. Mr. Hardin's testimony was based on his personal observation of appellant and the jury could evaluate it in light of their opportunity to view appellant. This testimony was sufficient evidence of appellant's age. *Chrisp v. State,* (1978) 267 Ind. 673, 372 N.E.2d 1180, and cases cited; *Hill v. State,* (1978) 267 Ind. 480, 371 N.E.2d 1303.

II.

After the arresting officer placed the Smith & Wesson revolver in

the police property room the gun was released to its owner, Mr. Hardin, who brought the gun to court. Both Hardin and the arresting officer identified the weapon by the serial number inscribed on it. No forensic evidence concerning the gun was offered. Appellant contends that the gun should not have been admitted because the State failed to show a complete chain of custody. In *Johnson v. State*, (1977) 267 Ind. 415, 370 N.E.2d 892, 894-95, the Court explained:

> " 'Chain of custody' is an indirect method of proving the identity and integrity of evidence by showing its continuous whereabouts. Such a showing negates any substantial likelihood of substitution or alteration of the evidence. The establishment of a chain of custody is necessary where the nature of the evidence is such that it lacks identifiable characteristics or where the evidentiary purpose to be served by the item requires assurance that the evidence has not been subjected to tampering which could not be detected by human perception. Where the evidence is such that it may be recognized and identified by witnesses, and where tampering or alteration relevant to the purpose to be served by the evidence is not a realistic threat, no chain of custody need be established. *Woodard v. State* (1977), [267] Ind. [19], 366 N.E.2d 1160, quoting C. McCormick, Evidence § 212 at 527 (2d ed. 1972)."

Here, as in *Johnson*, the revolver was identifiable by inscribed markings, and was not susceptible to tampering or alteration which could affect its efficacy to prove that appellant possessed the gun stolen in the robbery when he was arrested. The revolver was properly admitted.

The judgment of conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE — Reported at 383 N.E.2d 1030.