**L. V. TILLMAN, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 1279S354.

Supreme Court of Indiana.

Aug. 28, 1980.

William F. Wurster, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, L.V. Tillman, was convicted by a jury of rape, a class A felony, Ind. Code § 35–42–4–1(a) (Burns 1979 Repl.) and sentenced to thirty years' imprisonment. He now presents three issues for review:

1. Whether there is sufficient evidence to support the jury verdict;

2. Whether the trial court erred in permitting a witness for the state to testify when her name was not included in the state's list of witnesses; and

3. Whether the trial court erred in allowing certain hearsay testimony.

The evidence most favorable to the state reveals that the victim was approached by the defendant on east 16th Street in Indianapolis on the night of December 30, 1978, as she was walking to a liquor store. He asked her where a phone booth could be found and continued to walk with her until she reached her destination. Having found a phone booth, the defendant left, and the victim went inside the liquor store alone. After making her purchases, the victim walked back down 16th Street on her way home. Suddenly, defendant reappeared, grabbed her by the coat, and pulled her around the back of a nearby church where he raped her twice. The defendant then accompanied the victim to her apartment where he stayed a short while. He wanted to use a phone and since the victim did not have one, she took him to a friend's apartment where he called his brother. The victim eventually persuaded defendant to leave whereupon she phoned her sister who then summoned the police.

I.

It is well settled that in reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses but will only view the evidence most favorable to the state and the logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Norris v. State,* (1979) Ind., 394 N.E.2d 144; *Hill v. State,* (1979) Ind., 394 N.E.2d 132.

The defendant first contends that the evidence is insufficient to prove that intercourse ever occurred. He specifically points to testimony which indicated that the doctors who examined the victim found no sperm in her vaginal vault. In Indiana, the uncorroborated testimony of a rape victim is enough to support a conviction. *Dobrzykowski v. State,* (1978) Ind., 382 N.E.2d 170; *Harris v. State,* (1978) 268 Ind. 12, 373 N.E.2d 149. Furthermore, we emphasized in *Lynch v. State,* (1974) 262 Ind. 360, 316 N.E.2d 372, that penetration, not ejaculation, is the essential element of the crime of rape. Here, the victim testified that the defendant had sex with her which she said meant that his penis penetrated her vagina. We find that there is sufficient evidence to support this element of the offense.

The defendant next asserts that the evidence is not sufficient to establish that the act of intercourse was against the victim's will. He notes the victim's lack of physical resistance and the fact that she suggested that they return to her apartment after they had had intercourse.

We have held that physical resistance is not required where it is prevented by threats and fear of injury. *Ballard v. State,* (1979) Ind., 385 N.E.2d 1126; *Spaulding v. State,* (1978) 268 Ind. 23, 373 N.E.2d 165. In the case at bar, the victim testified that she submitted because the defendant said to her, "Don't holler. I got a knife. I'll kill you." She said that the defendant later made a similar threat on her life. She also explained that the reason she suggested that she and the defendant go to her apartment was because she did not think that she could escape if she stayed at the church. She thought that if she could get back to her apartment there might be someone there who could help her elude the defendant. In addition to the above testi-

mony, the victim specifically stated that the act of intercourse was not with her consent. Also, the victim's sister testified that when she got to the apartment after the victim had called her, the victim was "hysterical" and could not be settled down. The evidence is more than sufficient to establish that the victim was compelled by force or imminent threat of force to engage in sexual intercourse. Ind. Code § 35–42–4–1(a) (Burns 1979 Repl.).

■ The defendant also argues that the evidence is not sufficient to prove his identity as the one who committed the crime. We disagree. The victim made a photographic identification of the defendant prior to trial and also an in-court identification during trial. She testified that she had seen the defendant "clearly" and had seen his face "very well." She spent nearly an hour with him on the streets and in her apartment building both of which were well lighted. She had no doubt that the defendant was her attacker. In addition, the neighbor whose apartment the victim and defendant had visited testified. She also made a photographic identification of the defendant prior to trial and an in-court identification during trial. She stated that she had gotten a "good look" at defendant's face.

Defendant challenges the testimony of the victim and the neighbor because neither remembered seeing the scar on the bottom of his chin. Defendant is, in effect, asking us to judge the credibility of witnesses and to weigh the evidence. This we cannot do. There is sufficient evidence to establish the defendant's identity as the one who attacked the victim.

■ Finally, defendant contends that his conviction of a class A felony was improper because there is not sufficient evidence to prove that he was armed with a deadly weapon. He points out that the victim did not actually see a knife and that she merely saw some light reflect off a metal object which she assumed was a knife because that was what she had been told. Rape, normally a class B felony, becomes a class A felony when it is committed "by using or threatening the use of deadly force, *or* while armed

with a deadly weapon." Ind. Code § 35–42–4–1(a) (Burns 1979 Repl.) (emphasis added). Here, the defendant twice threatened to kill his victim. These threats of deadly force were sufficient to transform the offense into a class A felony. We conclude that the evidence is sufficient to support the jury verdict of guilty.

### II.

■ The defendant next argues that the trial court erred in allowing a rebuttal witness for the state to testify because her name was not listed on the state's list of witnesses. At trial, the defendant introduced several alibi witnesses who testified that the defendant was playing cards with them at the time of the alleged attack. In rebuttal, the state called a woman who stated that during the preliminary hearing of defendant's case, she overheard two defense witnesses, one of whom testified at trial, planning to manufacture a · story about a card party in order to help exculpate the defendant. Defense counsel's objection to her testimony was overruled.

We were confronted with precisely the same issue in *Thompkins v. State*, (1978) Ind., 383 N.E.2d 347. There, we said:

> "The law is clear in Indiana that a trial judge may permit a witness to testify although he has not been previously named upon the list of witnesses. This is especially true as to rebuttal witnesses, inasmuch as the State cannot be expected to anticipate the witnesses that they will call for that purpose." *Id.* at 350.

*Accord, Chatman v. State*, (1975) 263 Ind. 531, 334 N.E.2d 673. Here, the record indicates that the state did not know until trial that defense witnesses would use the "card party" story. Moreover, we have already held that the evidence is sufficient to support the defendant's conviction apart from any rebuttal testimony. If any error, in fact, occurred, we deem it harmless.

### III.

■ The defendant next contends that the trial court erred when it permitted the victim's sister to testify about a conversa-

tion she had with the victim over the telephone shortly after the incident. In this conversation, the victim asked her sister to come over to her apartment because she had just been raped. Defendant asserts that the testimony was inadmissible hearsay.

We have previously held that statements made out of court are not inadmissible as hearsay when the out-of-court asserter is present in the courtroom and subject to cross-examination. *Riddle v. State*, (1980) Ind., 402 N.E.2d 958; *Buttram v. State*, (1978) Ind., 382 N.E.2d 166. Here, the victim, the out-of-court asserter, was called to the stand by the state and extensively cross-examined by the defendant. The trial court did not err in admitting this testimony.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.