**Bernard WHITT, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 484S153.

Supreme Court of Indiana.

Nov. 14, 1986.

Kenneth T. Roberts, Roberts & Purvis, Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Bernard Whitt, was convicted by a Marion Superior Court jury of robbery with a deadly weapon, a class B felony, and attempted murder, a class A felony. The trial court sentenced Appellant to twenty (20) years for the robbery conviction and fifty (50) years for the attempted murder conviction. In this direct appeal, Appellant raises sufficiency of the evidence supporting his convictions as the only issue for our review.

When we are asked to review the sufficiency of evidence supporting a criminal conviction, we do not reweigh the evidence, nor judge the credibility of the witnesses. We consider only the evidence most favorable to the State, together with all the reasonable inferences to be drawn therefrom. If we find substantial evidence of probative value on each of the material elements of the crime, we will affirm the conviction. *Johnson v. State* (1983), Ind., 455 N.E.2d 897, 899; *Evans v. State* (1982), Ind., 438 N.E.2d 261, 265, *reh. denied.*

The facts most favorable to the State are as follows. At approximately 9:50 a.m. on February 12, 1981, a man approached Jacqueline Waidlich, a teller for American Fletcher National Bank at 3830 Meadows

Drive in Indianapolis, and asked her for a $10.00 money order. As Waidlich prepared the money order, the man pulled out a gun, placed it in the teller's window, handed her a white bag, and instructed her to put all her money in the bag. Waidlich complied.

As the man walked away from Waidlich's window, she pushed the security button and yelled to the security guard, Al Finnell, that the man had robbed her. Finnell chased the man out of the bank, ordered him to stop, fired one shot into the air, and when the man kept running, Finnell fired two shots at him. The man continued to run, but turned and fired two shots at Finnell while on the run. The man fell, but as he got up, he fired one more shot at Finnell. The man then disappeared behind some trees.

At trial, Jacqueline Waidlich positively identified Appellant as the robber. However, before the trial, she was not able to pick Appellant's picture from a photograph array, and did not pick Appellant out of a lineup held after the robbery. Diane Corner, a teller who witnessed the robbery, was able to pick Appellant's photo out of a photograph array. She postively identified him in the lineup and at trial. Pat Cook, another teller and eyewitness, positively identified Appellant both in the lineup and at trial. Al Finnell, the security guard, was not able to pick Appellant's picture out of the photo array. He was able to positively identify Appellant in both the lineup and at trial. Finally, Tami Williams, another eyewitness, positively identified Appellant at trial as the man who robbed the bank on February 12, 1981.

Appellant first contends that there was insufficient evidence to show that he was the perpetrator of this robbery. He asserts that the only evidence linking him to the crime is the eyewitnesses' identification testimony. Further, he claims that this testimony was tainted because the photo array and lineup procedures were overly suggestive. Thus, he argues the trial court should not have admitted this testimony, and without it, the State has no evidence at all. We disagree.

First, Appellant made no objections to any of the witnesses' testimony concerning their identification of Appellant as the robber. Accordingly, Appellant did not preserve any error on this issue and has waived it. *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 311. Second, if the evidence only inconclusively connects a defendant with the crime, this goes to the weight, not the admissibility of the evidence. *Jones v. State* (1985), Ind., 472 N.E.2d 1255, 1260. The identity of an accused is a question of fact, not law. *Id.* Therefore, the weight to be given identification evidence, and any determination of whether it is satisfactory and trustworthy, is a function of the trier of fact. *Id.* In this case, the jury determined that the evidence was sufficient to identify Appellant as the robber. Based on our review of the record, we find that the jury was justified in making this finding, and we will not disturb it.

Appellant also contends there was insufficient evidence to support his attempted murder conviction. He claims there was no showing that he intended to kill Al Finnell, the security guard, when he fired three shots at Finnell. Again, we disagree.

The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Conley v. State* (1983), Ind., 445 N.E.2d 103, 105; *Armstrong v. State* (1982), Ind., 429 N.E.2d 647, 653. Here, Finnell testified that Appellant fired three shots at him. Clearly, Appellant's firing a gun at a security guard after committing a bank robbery is enough evidence from which the jury could infer that Appellant intended to kill Finnell. Thus, there is sufficient evidence to support the conviction of attempted murder.

Finding sufficient evidence to support each of Appellant's convictions, we affirm the trial court.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.