John W. JOHNSTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8710–CR–951.

Supreme Court of Indiana.

July 24, 1989.

Rehearing Denied Sept. 21, 1989.

Brad C. Angleton, R. Victor Stivers & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of three counts of Attempted Child Molesting, Class B felonies, for which he received a sentence of eighteen (18) years on each count. He also was found guilty of Child Molesting, a Class C felony, for which he received a sentence of eight (8) years, and was convicted of Carrying a

Handgun Without a License, a Class A misdemeanor, for which he received a sentence of one (1) year, the sentences to run concurrently.

The facts are: In June of 1985, appellant took his six-year-old great granddaughter into her bedroom and fondled her genital area through her panties. Two or three days later the victim and her older sister told their mother what appellant had done. The next day, however, the mother was taken to the hospital for gall bladder surgery and was not able immediately to follow up on the report.

A few weeks later appellant contacted the mother and her husband and told them he would give them money or property if they would let him have sexual intercourse and sexual activities with their three daughters, all of whom were under the age of nine. He explained to the parents how he would use lubricants on the children and a vibrator. He stated that he would bring the lubricants and the vibrator to their home.

The parents contacted police and each of them was fitted with microphones to record any conversations they might have with appellant. Appellant returned to the home of the parents with a sack containing the vibrator, lubricants, and sedative pills to make the children sleep. He instructed the parents how they were to sedate the children and place them naked in a bedroom. These conversations with each parent were separately recorded.

■ Appellant claims the trial court erred in admitting into evidence State's Exhibit 1 which consisted of nine pages of a transcript of the tape recording made of the conversation between appellant and the mother of the children. Appellant takes the position that the court erred in permitting the exhibit into evidence before evidence was presented as to the manner in which the recording occurred and the authenticity of the tape presented by the State.

Appellant also claims error occurred in that the mother was permitted to read the transcript of the tape recording in its entirety. He thus claims that she was permitted wrongfully to refresh her recollection; this record shows, however, that the mother had testified fully as to the content of the conversation between appellant and herself at the time the taping was made. She did not so testify following her reading of the exhibit.

We also would observe that the transcript was not exhibited to the jury at that time but was given to them only at the time the tape was played, and they were given specific instructions that the transcript was to be used by them for the sole purpose of helping them understand the tape. To the extent that what they heard on the tape differed from the content of the transcript, they were to disregard the transcript and consider only the tape.

■ The purpose of allowing the mother of the children to read the transcript of the tape before it was presented to the jury was to verify the fact that the transcript was in fact a transcript of the conversation she had with appellant and which had been recorded. This was entirely proper. *See Boyd v. State* (1986), Ind., 494 N.E.2d 284. The manner in which the trial court handled this situation was in keeping with *Wade v. State* (1986), Ind., 490 N.E.2d 1097 and *Duncanson v. State* (1978), 181 Ind. App. 370, 391 N.E.2d 1157.

Appellant contends he was denied the right to cross-examine the makers of the transcript before it was admitted into evidence. Although the transcript was placed in evidence following the examination by the mother of the children, it was not shown to the jury until after the manner in which the transcription had taken place and the authenticity of the tape were completely explained by other witnesses, and only then was presented to the jury in the above-described manner. There is nothing in this record to indicate any defect in either the recording or the transcript nor does appellant cite us to any such defect. We see no error in this regard.

Appellant claims the trial court erred in permitting the mother of the children to testify as to her conversation with appellant based on her refreshed recollection

after reading State's Exhibit 1. As above pointed out, this in fact did not occur. The mother testified as to her conversation with appellant prior to her reading of the transcript in open court, and of course in preparing for the trial, the prosecutor had every opportunity to present the transcript to the mother of the children for her examination. There would have been nothing improper in so doing. We see no merit to appellant's contention in this regard.

Appellant contends the trial court erred in admitting State's Exhibit No. 2 which was a fourteen page transcript of the taped conversation between the father of the children and appellant. The same arguments are advanced to support appellant's contention as to Exhibit No. 2 as were previously discussed as to Exhibit No. 1. For the reasons above stated, there was no error in the admission of Exhibit 2.

■ Appellant claims the trial court erred in permitting State's Exhibit No. 8 to be admitted into evidence. State's Exhibit 8 was a bag containing a back massager, assorted medicinal ointments, and pills which appellant gave to the parents of the children with instruction as to how the children were to be prepared for him and with an explanation as to how he would use the various items in the bag.

Because on cross-examination the parents could not identify each individual item in the bag as being the precise item that was in the bag when delivered to them, appellant takes the position that the exhibit therefore was erroneously admitted. This Court has stated many times that when articles can be identified as being the kind of items which the witness has seen previously and are of such a nature that they are easily recognized and identified by the witness and that tampering is not a realistic threat, the identification by the witness is sufficient for their admission. *Johnson v. State* (1977), 267 Ind. 415, 370 N.E.2d 892.

In the case at bar, the back massager, a tube of Preparation H, and a tube of Desinex were items which clearly were recognizable as such, and the fact that the parents could not say that that specific tube of Preparation H or that specific tube of Desinex was the exact one contained in the bag when they received it is of no moment. We see no error in the admission of State's Exhibit 8.

■ Appellant claims the trial court erred in permitting the introduction of the three children to the jury. One of the three children actually testified before the jury as to being improperly fondled by appellant. The other two children were not physically handled by appellant; they were, however, included in the instructions to the parents and were to be prepared by the parents for molestation by appellant.

Appellant takes the position that because two of the children had no personal information to present to the jury, the sole purpose of exhibiting them to the jury was to elicit the sympathy of the jurors and to unduly prejudice appellant. However, we would point out that appellant had been charged under Ind.Code § 35-42-4-3(a). Under that statute, the State, among other things, had the burden of proving that the children whom appellant attempted to molest were under twelve years of age. Appellant concedes this but states that the parents had already testified as to the age of the children; thus it was unnecessary and prejudicial to present the children for viewing by the jury.

Both appellant and the State claim that they were unable to find authorities in Indiana directly on this subject. In our independent research, we have found the case of *Watson v. State* (1957), 236 Ind. 329, 335, 140 N.E.2d 109, 112 wherein this Court states:

"It is a general rule that when the age of a person is material to a case the person may be described and exhibited to a jury to aid them in making their determination of such question. Wharton's Criminal Evidence (12th Ed.), § 662, p. 575; 20 Am.Jur., Evidence, § 720, p. 603."

The same general statement of law appears in 19 Am.Jur.2d *Evidence* § 777 (1967).

In analogous situations, we have ruled that what a jury may learn from oral testimony it may learn by directly viewing the

object described. *Hawkins v. State* (1941), 219 Ind. 116, 37 N.E.2d 79. We hold that it was entirely proper for the trial court to permit the jury to view all three children, who were the subjects of appellant's intentions, in order to verify the testimony of the parents as to the age of the children.

■ Appellant contends the trial court erred in permitting the mother of the children to testify as to and paraphrase conversations with the child who had been molested by appellant. We would observe that no objection was made to such testimony at trial. We have held previously that statements made out of court are not inadmissible hearsay when the out-of-court declarant is present in court and subject to cross-examination. *McClain v. State* (1980), 274 Ind. 250, 410 N.E.2d 1297; *Tillman v. State* (1980), 274 Ind. 39, 408 N.E.2d 1250 and *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482.

■ Appellant claims there is insufficient proof in this record to support the verdict of the jury concerning child molesting. He contends there is a lack of evidence of intent on the part of appellant to penetrate any of the children, and also that there is no evidence that appellant took any "substantial steps" toward the commission of the offense.

Appellant fails in both of these contentions. Appellant clearly stated his intentions to the parents of the children. The fact that he approached the parents with a bag of paraphernalia which he stated he intended to use in his molestation of the children and the fact that he gave the parents specific instructions as to how the children were to be prepared for the molestation is evidence which supports the verdict of the jury.

What appellant is essentially asking this Court to do is to weigh that evidence and to find in his favor. This we will not do. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs and dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, concurring and dissenting.

According to statute, I.C. 35–41–5–1, a person who attempts to commit a crime, that is, one who, having the required criminal state of mind, takes a substantial step toward commission of that crime, is guilty of and subject to the penalties provided for the intended crime. What therefore is considered by courts to be such a substantial step is of substantial importance. Here, appellant received three concurrent eighteen year sentences for attempted child molesting because of his criminal plan and his conduct in asking both parents of the three children for their permission to and cooperation in sexually exploiting the girls, and handing over to the parents the means by which he intended to achieve his criminal purpose. Last year, this Court adopted a three-part test for determining when a solicitation constitutes a substantial step toward the commission of the crime of child molesting. *Ward v. State* (1988), Ind., 528 N.E.2d 52. There must be (1) an urging, (2) of immediate cooperation of a person (3) whose cooperation or submission is an essential feature of the crime. In my view, appellant's solicitation fails to meet the legal test because the parents were given time to consider the proposal and because their cooperation was not essential. Due to the fact that mothers and fathers are the natural guardians of their children and for the most part have the welfare of their children at heart, this solicitation of both parents posed less of a risk to the children than did the personal solicitation of the child, R.C., in a park, reversed in *Ward* for insufficient evidence.

One could reasonably consider this situation the historical equivalent of one in which a would-be bank robber approached a bank guard and asked the guard to rob a bank guard, asked the guard to rob the bank, and handed him a paper bag to put the money in. Obviously, that would not be an attempt to commit the crime of robbery.

I would therefore reverse appellant's three convictions for attempted child molesting for insufficient evidence and affirm his convictions for actual child molesting and carrying a handgun.

DICKSON, J., concurs.