46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bernard WHITT, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 93-3307.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 21, 1994.[1]
Decided Dec. 21, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Bernard Whitt, a state prisoner, appeals from the district court's denial of Whitt's petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. For the reasons stated in the attached Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Judgment, we AFFIRM the judgment of the district court.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 2
 ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
 
 DIRECTING ENTRY OF JUDGMENT
 
 3
 This cause is before the Court on the petition of Bernard Whitt for a writ of habeas corpus, on the respondent's response, on the petitioner's traverse and on the expanded record of the petitioner's conviction in the Marion County Superior Court, Criminal Division.
 
 
 4
 Whereupon the Court, having read and examined such petition, return and record, and being duly advised, now makes its Entry.
 
 BACKGROUND
 
 5
 Petitioner Bernard Whitt ("Whitt") is an Indiana prisoner serving a 70-year term imposed by the Marion County Superior Court, Criminal Division, on February 25, 1983 following his conviction for Robbery and for Attempted Murder. Whitt's convictions were affirmed on direct appeal in Whitt v. State, 499 N.E.2d 748 (Ind.1986). The facts of his offense, being from the summary from the Indiana Supreme Court, are the following:
 
 
 6
 At approximately 9:50 a.m. on February 12, 1981, a man approached Jacqueline Waidlich, a teller for American Fletcher National Bank at 3830 Meadows Drive in Indianapolis, and asked her for a $10.00 money order. As Waidlich prepared the money order, the man pulled out a gun, placed it in the teller's window, handed her a white bag, and instructed her to put all her money in the bag. Waidlich complied.
 
 
 7
 As the man walked away from Waidlich's window, she pushed the security button and yelled to the security guard, Al Finnell, that the man had robbed her. Finnell chased the man out of the bank ordered him to stop, fired one shot into the air, and when the man kept running, Finnell fired two shots at him. The man continued to run, but turned and fired two shots at Finnell while on the run. The man fell, but as he got up, he fired one more shot at Finnell. The man then disappeared behind some trees.
 
 
 8
 Whitt v. State, 499 N.E.2d at 749-50. After presenting various claims to the Indiana courts, both in his direct appeal and in an action for post-conviction relief, Whitt now seeks habeas corpus relief pursuant to 28 U.S.C. Sec. 2254(a). The respondent has appeared by counsel, has answered the petition and has appropriately expanded the record. Whitt has replied and the matter is now ripe for decisions.
 
 DISCUSSION
 A. Scope and Basis for Relief
 
 9
 The petitioner is in custody pursuant to the judgment of a state court. In this action he seeks relief pursuant to 28 U.S.C. Sec. 2254(a). He is entitled to relief under this statute only if he is held "in violation of the Constitution or laws or treaties of the United States." Id. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' ").
 
 
 10
 Before a district court may consider a habeas corpus petition on its merits it must determine that each claim has been "exhausted" in the state courts. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 112 S.Ct. 387 (1991). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims, or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982); Farrell, 939 F.2d at 410. However, if a claim has not been fully presented to the state courts and no longer can be, this waiver prevents federal habeas corpus relief based on that same issue absent a showing of cause and prejudice. Burgin v. Broglin, 900 F.2d 990, 996 (7th Cir.1990).
 
 B. Analysis
 
 11
 Brady Error. Evidence at Whitt's trial showed that the robber placed his hands (palms down) on the countertop at the teller's window. That countertop was tested for fingerprints. The State's position prior to trial, in response to specific request for information regarding the results of fingerprints or palm prints, was that no usable fingerprints had been recovered or identified from the countertop. A few months later, in connection with a different prosecution, Whitt's attorney was informed that an F.B.I. report had been found indicating that the F.B.I. had actually determined that the fingerprints and palm prints from the countertop were not Whitt's. This, therefore, is the factual basis of the first claim.
 
 
 12
 In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." In United States v. Bagley, 473 U.S. 667, 682 (1985), the Court defined materiality as follows:
 
 
 13
 Evidence is material only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.
 
 
 14
 Thus, to prevail on a Brady claim and win a new trial, the defendant must show that the evidence was favorable to them, was suppressed by the prosecution and was material to the case. United States v. White, 970 F.2d 328, 337 (7th Cir.1992).
 
 
 15
 The evidence here was not disclosed by the prosecution and was arguably favorable to the defendant, so the pivotal question is whether it was material. I find without hesitation that it was not. The most favorable inference available to Whitt, had the belatedly-revealed information been put into evidence, would not have contradicted the identification testimony of the many individuals who testified that he was the robber. The absence of his palm prints or fingerprints on the countertop may have been one less piece of evidence linking Whitt to the robbery, but it certainly did not diminish the weight of the remaining pieces that he was the perpetrator. His argument that this evidence might have "tipped the balance" in his favor is based on an unreasonable, illogical and exaggerated view of what impact it could have had. The evidence which was not disclosed to Whitt prior to trial, therefore, was not "material" in the sense required by Brady and Whitt is not entitled to relief on this first claim.
 
 
 16
 Jury Instruction. Whitt next claims that a jury instruction had the effect of relieving the State of the burden of proving the issue of intent in relation to the attempted murder charge. This claim, however, is without merit, for before instructing the jury that to find Whitt guilty of attempted murder the State must have proved that he "knowingly engage[d] in conduct, towit: attempt to commit the crime of murder by attempting to kill another human being ..." (which is the portion of the instruction Whitt finds objectionable), the court had instructed the jury concerning the crime of attempt. Thus, the elements of attempt, being action "with the culpability required for commission of the crime," in the words of both the statute (Ind.Code 35-42-1-1) and instruction, were brought into the remainder of the instruction concerning the State's burden of proof.
 
 
 17
 Apart from there being no error of constitutional magnitude in this instruction--a rare breed since instructional error will support federal habeas relief only if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," Cupp v. Naughten, 94 S.Ct. 396 (1973)--there was no objection to the instruction and in affirming the denial of post-conviction relief the Indiana Court of Appeals specifically noted: "Whitt waived any error with respect to the attempted murder instruction." Whitt v. State, No. 49A02-9006-PC-313 (Ind.App. September 3, 1991), at p. 11. This was a plain statement of waiver on state grounds. The Court of Appeals reached the federal grounds only in the alternative. This means, for the present purpose, that federal review of the merits is barred unless Whitt shows cause or prejudice from the waiver or that the failure to examine the merits would result in a fundamental miscarriage of justice. Rose v. Lane, 910 F.2d 400, 402 (7th Cir.), cert. denied, 111 S.Ct. 515 (1990); Rogers-Bey v. Lane, 896 F.2d 279, 282 (7th Cir.), cert. denied, 111 S.Ct. 93 (1990). For the reasons explained above, he has not suffered "prejudice" from the giving of this instruction, from the failure of his trial counsel to object to it or from the failure of appellate counsel to raise it on direct appeal and the asserted error is not of a nature which would excuse his waiver in order to prevent a fundamental miscarriage of justice, i.e., where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). The "miscarriage of justice" doctrine, by its very nature, serves as the last line of defense against a fundamentally unjust incarceration. There is no basis on which to discern or conclude from the state records that the petitioner is innocent of the robbery or that he is otherwise the victim of unjust incarceration. This exception to the consequences of procedural default, therefore, is inapplicable to Whitt's case and he is not entitled to review of the merits of his claim concerning error in Instruction No. 5, although there was no error in it.
 
 
 18
 Ineffective Assistance of Counsel. Whitt next claims that he received constitutionally ineffective assistance of counsel, based on the issues already discussed in this Entry and on others. In making this claim he bears a heavy burden, made even heavier by the post-conviction court's finding that he had procedurally defaulted with respect to alleged ineffectiveness of trial counsel by not arguing that point in his direct appeal.[1]
 
 
 19
 A defendant's claim that his counsel rendered constitutionally ineffective assistance is evaluated by the principles set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prove inadequate performance he must show that his counsel committed serious errors that fall "outside the wide range of professionally competent assistance." Balfour v. Haws, 892 F.2d 556, 562 (7th Cir.1989), quoting Strickland, 466 U.S. at 690. He must demonstrate both that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990), citing Strickland, 466 U.S. at 687-88. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993), clarifies the meaning of prejudice in this context by requiring that the petitioner must demonstrate that counsel's errors are so serious as to deprive him of a trial whose result is unfair or unreliable, not merely that the outcome would have been different.
 
 
 20
 The fingerprint and instruction issues are without merit, did not prejudice the outcome of Whitt's trial and hence will not support a claim of ineffective counsel. The remaining instances of alleged ineffectiveness rest on questions concerning the failure to object to an identification and to evidence of an acquittal of a previous robbery charge. (Pre-trial suppression motions on the identification issue had been denied.) Since this was counsel's strategy, albeit unsuccessful in the end, it cannot now be second-guessed and held deficient.
 
 
 21
 " 'The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.' " Lewis v. Lane, 832 F.2d 1446, 1452 (7th Cir.1987) (quoting Kimmelman v. Morrison, 477 U.S. 365, 374 (1986), cert. denied, 488 U.S. 829 (1988). Nothing of such an egregious nature occurred in the course of trial counsel's representation. It follows that appellate counsel was not ineffective by failing to include such claims in the appeal, Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986), and that Whitt cannot prevail on either aspect of his Sixth Amendment claims regarding representation.
 
 
 22
 Petitioner's Sentence. The respondent states that the petitioner has claimed that his trial counsel was ineffective for not objecting to the imposition of consecutive sentences. The only reference to the sentences he received is in paragraph 11, on page 10, of the petition, where Whitt simply states that "both sentences" are under attack in this case. Whitt does not address the subject in his reply. Apart from these observations, his sentences were within the limits set by statute. The sentences are not claimed to have been based on other than relevant considerations and accurate information. United States ex rel. Welch v. Lane, 738 F.2d 863 (7th Cir.1984). A convicted offender has a constitutional right to a fair sentencing process, but he does not have a right to a particular sentence available within a range of alternatives. Welch, 738 F.2d at 864-65. A federal court's review of the state court's sentencing decision is extremely narrow. United States ex rel. Humphrey v. Roth, 1991 U.S.Dist. LEXIS 17392, at * 27 (N.D.Ill. Nov. 27, 1991). No showing of excessiveness of the sentences or unfairness in arriving at them has been made in this case.
 
 Conclusion
 
 23
 This Court has carefully reviewed the state record in light of the petitioner's claims. It has given such consideration to the claims raised in this proceeding as the limited scope of its review in a habeas corpus proceeding permits. Even as to those claims, however, the Court finds no violation of the petitioner's rights such as to warrant the relief which he seeks. Accordingly, the petition for a writ of habeas corpus must be denied and this cause of action dismissed with prejudice. Judgment consistent with this Entry shall now issue.
 
 
 24
 IT IS SO ORDERED.
 
 Aug 30, 1993
 
 25
 --------/s/ Sarah Evans Parker
 
 SARAH EVANS BARKER, Judge
 United States District Court
 Copies to:
 Bernard Whitt, # 8810
 Indiana State Reformatory
 P.O. Box 30
 Pendleton, Indiana 46064
 Geoff Davis
 Office of the Indiana Attorney General
 
 26
 Indiana Government Center South, Fifth Floor
 
 402 West Washington Street
 Indianapolis, IN 46204-2770
 
 
 [1]
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Whitt's trial counsel died prior to filing of his direct appeal